United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2007**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

m 06-10525

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JERRY NEIL SCHMIDT,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, SMITH, and DEMOSS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jerry Schmidt appeals his conviction. Be-
cause the district court properly found that
Schmidt's prior conviction was a predicate of-
fense for purposes of 18 U.S.C. § 922(g)(1),
we affirm.

I.

Schmidt was charged with four counts of
being a felon in possession of a firearm in vio-
lation of § 922(g)(1), which prohibits the pos-
session of a firearm by "any person who has
been convicted in any court of, a crime pun-
ishable by imprisonment for a term exceeding
one year . . . ." 18 U.S.C. § 922(g)(1).
Schmidt's predicate offense was a 1985 Texas

felony conviction of burglary of a vehicle, and it is not disputed that in 1985 the offense was punishable by more than one year's incarceration.

In 1994 Texas modified its penal code, and burglary of a vehicle was reduced from a third degree felony to a Class A misdemeanor. Under Texas law, misdemeanors are punishable by a maximum of one year's incarceration. TEX. PENAL CODE § 12.21. Schmidt argues that because, at the time of the events giving rise to his § 922 offense, burglary of a vehicle was not punishable by a term of more than one year, it cannot properly be a predicate offense.

II.

This case turns on what point in time is used to measure the incarceration term of the predicate offense. Schmidt argues that, because Congress used the term "punishable" instead of "was punishable," the correct point to use is the time of the events giving rise to his § 922 conviction, when burglary of a vehicle was not punishable by over one year's incarceration. The government reasons that the correct point is the time of the predicate conviction, when burglary of a vehicle was punishable by more than one year. A close reading of the 1994 amendment, however, shows that we do not need to resolve this question to decide Schmidt's appeal.

The 1994 amendment includes a retroactivity clause stating that the changes apply "only to an offense committed on or after [September 1, 1994]." Acts 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3708. The amendment further states that "[a]n offense committed before [September 1, 1994] is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose." *Id.*[1] Texas courts that have sentenced defendants after September 1, 1994, for offenses committed before that date have used the pre-amendment code.[2]

It is not disputed that Schmidt's predicate offense, burglary of a vehicle, was committed in 1985. Because this was before the effective date of the amendment, the offense is governed by the pre-amendment code. Thus, it is irrelevant which point in time is chosen to examine Schmidt's potential sentence for the burglarySSunder the pre-1994 code, burglary of a vehicle is punishable by more than one year. Regardless of whether the incarceration term is measured at the time of the conviction or at the time of the events giving rise to the § 922(g)(1) conviction, Schmidt's burglary-of-a-vehicle conviction was punishable by more than one year. Even if he were being sentenced today for his 1985 burglary of a vehicle, he would be sentenced under the pre-amendment code and would face incarceration term of more than one year. Accordingly, his state conviction is a predicate offense for purposes of § 922(g)(1).

---

[1] *See also Davila v. State*, 930 S.W.2d 641, 654 (Tex. App. 1996) ("In amending the Penal Code, the Legislature specifically provided that an offense committed before the effective date of the amendments is governed by the law in effect when the offense was committed.").

[2] *See, e.g., Delgado v. State,* 908 S.W.2d 317, 318-19 (Tex. App.SSEl Paso 1995, pet. ref'd)*; Poledore v. State*, 8 S.W.3d 22, 25 (Tex. App.SS Houston [14th Dist.] 1999, pet. ref'd) (holding that it was proper to sentence defendant under the more severe pre-amendment code for an offense committed in 1989, even though the sentencing proceeding was conducted in 1996 (because the defendant had been placed on deferred adjudication)).

### III.

Schmidt argues that the plain language of the statute requires the government to prove that he knew not only that he was possessing a firearm, but also that he was a felon. We rejected this claim in *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), in which we held that conviction under § 922(g)(1) requires proof that the defendant knew that he had received (or possessed or transported) a firearm but does not require proof that he knew that the firearm had an interstate nexus or that he was a felon. *Id.*

Schmidt contends that the holding of *Dancy* has been rendered invalid by *Staples v. United States*, 511 U.S. 600 (1994), and *Bryan v. United States*, 524 U.S. 184 (1998). We disagree. In *United States v. Privett*, 68 F.3d 101, 104 n.1 (5th Cir. 1995), we rejected the notion that *Staples* nullifies *Dancy* with respect to the *mens rea* requirement of § 922-(g)(1).

"[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Bryan*, 524 U.S. at 193. At issue in *Bryan* was whether the term "willful" in 18 U.S.C. § 924(a)(1)(D) requires specific, or merely general, intent. The *Bryan* Court was not confronted with whether to extend a *mens rea* requirement to a defendant's felony status.

In any event, Schmidt does not claim ignorance of his 1985 Texas conviction for burglary of a vehicle, and any ignorance he may have had with respect to whether, in light of the 1994 Texas amendments, that conviction renders him a person 'who has been convicted in any court of a crime punishable by imprisonment for term exceeding one year' for purposes of § 922(g)(1) as applied to his charged 2005 firearm possession, would be merely ignorance of the law.

### IV.

Schmidt urges that § 922(g)(1) is unconstitutional on its face, and as applied to him, because it does not require a "substantial" effect on interstate commerce. He bases this on *United States v. Lopez*, 514 U.S. 549 (1995), *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Morrison*, 529 U.S. 598 (2000). Our precedent forecloses this argument: "[T]he constitutionality of § 922(g)(1) is not open to question." *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001). *Lopez*, *Jones*, and *Morrison* do not alter this conclusion. *Id.*

The judgment of conviction is AFFIRMED.