# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-10183
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PATRICK DEAN COOK

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-52-ALL

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Patrick Dean Cook appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court abused its discretion in denying his motion for a mistrial based on improper comments by two witnesses concerning his criminal history of drug offenses and pending sexual assault charges. If improper evidence is introduced to the jury, and the district court denies the defendant's subsequent motion for mistrial, this court reviews the denial for abuse of discretion. United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lucas, 516 F.3d 316, 345 (5th Cir.), cert. denied, 129 S. Ct. 116 (2008). If there is error, this court employs the harmless error standard of review, requiring a new trial "only when, after a review of the entire record, it appears that there is a significant possibility that the prejudicial evidence had a substantial impact on the jury verdict." Id. The district court's assessment of the prejudicial effect of the improper evidence is given great weight, and its giving of a curative instruction may render the prejudicial effect harmless. Id.

Cook has not shown that "there is a significant possibility that the prejudicial evidence had a substantial impact on the jury verdict." See Lucas, 516 F.3d at 345. The district court sustained defense counsel's objections to the improper statements and immediately instructed the jury to disregard those statements. The district court again instructed the jury at the end of the trial to disregard the stricken testimony and to consider only "legally admissible evidence and testimony." The jury is presumed to follow the court's instructions. See Zafiro v. United States, 506 U.S. 534, 540 (1993). The district court's instructions rendered the prejudicial effect of the comments harmless. See Lucas, 516 F.3d at 345; see also United States v. Valles, 484 F.3d 745, 757 (5th Cir.), cert. denied, 127 S. Ct. 3025 (2007).

Further, the improper statements were harmless in view of the overwhelming evidence of Cook's guilt. See United States v. Millsaps, 157 F.3d 989, 993 (5th Cir. 1998). Based on information obtained from a confidential informant, Lieutenant Paul Pothen obtained a search warrant for Cook's business, which was also his residence, to locate a safe which officers believed contained firearms. When executing the search warrant, Lieutenant Pothen saw a safe through the window in an adjacent property. Lieutenant Pothen spoke to Melvin Anderson, the owner of the adjacent property, and asked who owned the safe and what it contained. Anderson told Lieutenant Pothen that the safe

belonged to Cook. Detective Bristow read Cook his Miranda[1] rights, and Agent Tarango questioned Cook about the safe and its contents. Cook admitted that he knew about the safe, that the safe held rifles, and that the rifles belonged to him. Agent Tarango asked for and received Cook's written permission to search the safe. At the request of Agent Tarango, Cook opened the safe. Agents found numerous firearms in the safe. Agent Tarango testified that one of the firearms was traced directly to Cook. The parties stipulated that Cook was a felon. Special Agent Daniel Kaase testified that each of the firearms was manufactured outside of Texas and had traveled in interstate commerce to Texas. In view of the overwhelming evidence of Cook's guilt, there is not a significant possibility that the improper statements concerning Cook's criminal history and pending charges had a substantial impact on the jury's verdict. See Lucas, 516 F.3d at 345; United States v. Le, 512 F.3d 128, 133-34 (5th Cir. 2007).

Cook argues that evidence that the firearms at issue had previously traveled in interstate commerce was insufficient to establish the interstate commerce element of the offense. Cook concedes that this argument is foreclosed by this court's decision in United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

For the first time on appeal, Cook argues that the Government was required and failed to prove that he knew: that he was a felon, that he possessed a firearm, and that the possession of the firearm affected interstate commerce. He argues that United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988), was rendered invalid by Staples v. United States, 511 U.S. 600 (1994), and Bryan v. United States, 524 U.S. 184 (1998). This court rejected the same argument in United States v. Schmidt, 487 F.3d 253, 254-55 (5th Cir. 2007).

At sentencing, the district court orally pronounced a sentence of 51 months of imprisonment. The written judgment provides for a sentence of 63 months of

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

imprisonment. "In this Circuit, it is well settled law that where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001) (internal quotation marks and citations omitted). Because the written judgment in this case conflicts with the oral pronouncement of judgment, the oral pronouncement controls. See id. Therefore, we remand the case for the district court to amend its written judgment to conform to its oral sentence.

AFFIRMED; REMANDED FOR DISTRICT COURT TO AMEND WRITTEN JUDGMENT TO CONFORM TO ORAL SENTENCE.