**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60780

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEJANDRO AMELO-RODRIGUEZ

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:08-CR-22-ALL

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant Alejandro Amelo-Rodriguez challenges his conviction and sentence under 18 U.S.C. § 922(g)(5) for possessing a firearm as an alien unlawfully in the United States. We AFFIRM for the following reasons.

1.  We need not resolve whether a misrepresentation by a federally-licensed firearms dealer regarding the legality of a defendant's gun ownership may form the basis of an entrapment-by-estoppel defense, because the evidence did not support this defense. "'The [entrapment-by-estoppel] defense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applies when a government official tells a defendant that certain conduct is legal and the defendant commits what would otherwise be a crime in *reasonable reliance* on the official's representation.'" *United States v. Ortegon-Uvalde*, 179 F.3d 956, 959 (5th Cir. 1999) (quoting *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994) (emphasis added)). The record reflects that Defendant never sought or obtained authorization to remain in the United States after his status as a temporary parolee admitted for humanitarian reasons under 8 U.S.C. § 1182(d)(5)(A) expired on August 16, 1997 and was automatically terminated. *See* 8 C.F.R. § 212.5(e)(1)(ii). His statement on the firearms application form in October, 2005 that he was *not* an alien illegally in the United States was therefore false. Having failed to apprise the firearms dealer of this material fact, Defendant could not have reasonably relied on any alleged misrepresentation by the dealer that his gun ownership was legal. *See, e.g.*, *United States v. Trevino-Martinez*, 86 F.3d 65, 69–70 (5th Cir. 1996) (holding the failure of an alien to disclose his background of prior arrests and deportations to the American consulate that issued him a non-immigrant visa precluded a finding that he reasonably relied on the supposed misrepresentation that his return to the United States was legal). Whether Defendant knew of his illegal status is irrelevant. *Cf. United States v. Schmidt*, 487 F.3d 253, 254–55 (5th Cir. 2007) (construing a parallel provision to 18 U.S.C. § 922(g)(5)).

2.  For the same reason the court was not in error to exclude the details of the purchase of the gun and refuse to instruct the jury on the subject.

3.  Defendant contends that the district court erred by increasing his base offense level by four points based on its finding that he possessed the firearm in connection with another felony, U.S.S.G. § 2K2.1(b)(6). We find no procedural error with the district court's sentence. *United States v.*

*Klein*, 543 F.3d 206, 213 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1384 (2009). In light of the record as a whole, the district court plausibly found that Defendant had removed doors and windows from the property valued at over $500, *see* MISS. CODE ANN. § 97-17-41 (grand larceny), did not have permission to take them, and had done so while keeping the firearm accessible on the seat of his truck nearby. *See, e.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) ("There is no clear error if the district court's finding is plausible in light of the record as a whole." (internal quotation marks and citation omitted)).

AFFIRMED.