**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10985
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANNON RAY FULBRIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CR-19-ALL

Before GARWOOD, DENNIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Shannon Ray Fulbright pleaded guilty pursuant to a written plea agreement to being a felon in unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced Fulbright at the high end of the advisory guidelines range to 37 months of imprisonment.

Fulbright argues that the district court erred by enhancing his sentence under U.S.S.G. § 2K2.1(b)(6) on the basis that he used or possessed the firearm

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in connection with the unauthorized use of a motor vehicle. Fulbright asserts that the Government failed to prove that he committed unauthorized use of a motor vehicle because the evidence did not show that he knew that his use of the stolen vehicle was unauthorized, as required by TEXAS PENAL CODE § 31.07.

We must determine whether the district court committed any significant procedural error. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). A procedural error includes a failure to calculate the proper guidelines range or the selection of a sentence based upon clearly erroneous facts. *Gall*, 128 S. Ct. at 597. We review the district court's guidelines interpretations de novo and findings of fact for clear error. *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007), *cert. denied*, 129 S. Ct. 55 (2008). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001) (internal quotation marks and citation omitted). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

Section 2K2.1(b)(6) authorizes a four-level increase where the defendant possessed the firearm "in connection with" another felony offense. The phrase "another felony offense" for purposes of § 2K2.1(b)(6), "means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, comment. (n.14(C)). The Texas offense of unauthorized use of a motor vehicle is a state jail felony punishable by up to two years of imprisonment. *See* TEX. PENAL CODE §§ 12.35(a), 31.07(a).

The Government must prove the facts necessary for a sentence enhancement by a preponderance of the evidence. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). The Texas offense of unauthorized use of a motor vehicle occurs when a person "intentionally or knowingly operates

another's . . . motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE § 31.07(a). Texas law provides that "[c]onsent is not effective if . . . given by a person the actor knows is not legally authorized to act for the owner." TEX. PENAL CODE § 31.01(3)(B).

The owner of the vehicle that Fulbright was driving when he committed the instant offense stated that she did not know him and that he never had her permission to drive or use her car. Fulbright initially denied being in the vehicle, but later admitted to driving the vehicle. He also stated that he had borrowed the weapon in question from a friend (to go rabbit hunting) and had placed it in the car. Fulbright stated that he bartered for use of the car with a man, whom he only knew as "Rob," in exchange for some "dope."

The district court did not make an explicit finding that Fulbright knew that his use of the vehicle was unauthorized; the court, however, implicitly found that Fulbright had the requisite knowledge when it found that "there has been a showing, by a preponderance of the evidence, that there was an unauthorized use of a motor vehicle, and the possession of this firearm was in connection with that unauthorized use." A district court may make implicit findings of fact at sentencing. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994). Fulbright did not present evidence at sentencing in support of his objections, and the district court approved the relevant part of the PSR. Given the undisputed facts regarding the circumstances of Fulbright's use of the car, the district court's implicit finding that Fulbright knew that he did not have the effective consent of the owner to use the car is plausible in light of the record as a whole. *See Cooper*, 274 F.3d at 238.

Fulbright next argues that the evidence did not support the district court's determination that he committed the firearm possession offense "in connection with" the unauthorized use of a motor vehicle felony. However, the district court's finding that the presence of the loaded firearm in the back seat of the car

3

had the potential of facilitating Fulbright's unauthorized use of the vehicle is plausible in light of the record as a whole. *See id.*; § 2K2.1, comment. (n.14)(A).

Fulbright argues that his conviction should be vacated because the word "knowingly" in § 924(a)(2) applies not only to the possession of a firearm proscribed in § 922(g)(1) but also to the fact that such possession was "in or affecting commerce." We have rejected this contention many times. *See, e.g., United States v. Dancy*, 861 F.2d 77, 80-81 (5th Cir. 1988); *United States v. Schmidt*, 487 F.3d 253, 254-55 (5th Cir. 2007); *United States v. Cook*, 308 Fed App'x 792 (5th Cir., January 28, 2009). Fulbright asserts that the decision in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), overruled our precedent that would otherwise foreclose this claim. However, *Flores-Figueroa* involved a totally different statute, with different wording and structure. In our view, whether *Flores-Figueroa* can be extended to overrule our section 924(a)(2) precedent is a matter for the Supreme Court, or our court *en banc*, and not this panel.[1]

AFFIRMED.

---

[1]The written factual basis for Fulbright's guilty plea specifically stated that Fulbright "did knowingly possess in and affecting interstate and foreign commerce a firearm." The government argues that by signing this statement of facts, Fulbright admitted that he knew that his possession of the firearm was in or affecting commerce. We doubt, however, that under the circumstances this is a proper basis for affirmance. The statement in question was made in the written statement in support of the plea, and the same written statement in substance advised that knowingly possessing a weapon in or affecting interstate commerce did not mean that "knowingly" applied to "in or affecting interstate commerce," but only applied to possession of the weapon.