# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2012

No. 11-11163
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENTIN BIVINS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-304-1

Before STEWART, Chief Judge, and KING and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Quentin Bivins appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e).

Bivins argues that the district court erred by admitting evidence of his prior convictions for unlawful carrying of a firearm and for deadly conduct involving the discharge of a firearm. "Evidence of prior offenses is admissible if it is (1) relevant to an issue other than the defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the danger of unfair prejudice to the defendant." *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005) (internal quotation marks and citation omitted); *see United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); FED. R. EVID. 403 & 404. We review a district court's admission of such evidence under a heightened abuse of discretion standard. *United States v. McCall,* 553 F.3d 821, 827 (5th Cir. 2008).

Because Bivins pleaded not guilty, and part of his defense was that the gun found in his house had been left there by his father, evidence of his past gun possession was relevant to his knowledge and intent. *See United States v. Olguin*, 643 F.3d 384, 390 (5th Cir. 2011), *cert. denied* 132 S. Ct. 439 (2011); *United States v. Williams*, 620 F.3d 483, 489-91 (5th Cir. 2010). Past convictions for possession of a firearm are highly probative of these issues. *See Williams,* 620 F.3d at 491. Although the similarity of the past offenses increases the risk of prejudice, in light of the jury instructions regarding the permissible uses of this evidence and the limited portion of the trial occupied by the discussion of these convictions, any prejudice did not substantially outweigh their probative value. Therefore, the district court did not abuse its discretion. *McCall,* 553 F.3d at 827.

Also, Bivins challenges two statements by the Government during closing arguments. In analyzing a claim of misconduct during closing argument, we consider de novo whether the challenged remark was improper; if it was, we then consider whether the remark "affected the substantial rights of the defendant" under an abuse of discretion standard. *United States v. Turner,* 674 F.3d 420, 438-39 (5th Cir.) (internal quotation marks and footnote omitted), *cert. denied,* 2012 WL 2863449 (Oct. 1, 2012) (No. 12-5168). We consider three factors: (1) the magnitude of the remark's prejudice; (2) any cautionary instructions given; and (3) the strength of the evidence supporting the conviction. *Id.* A defendant attempting to show that a remark affected his

substantial rights must meet a "high bar." *United States v. Ebron,* 683 F.3d 105, 140 (5th Cir. 2012).

During its rebuttal argument, the Government stated that bullets were close to the gun; however, the evidence showed that the gun was unloaded and that police did not see any ammunition. Although the district court sustained Bivins' objection and instructed the jury to disregard this statement, he argues that the should have granted a mistrial. We review the denial of a mistrial for an abuse of discretion. *Turner,* 674 F.3d at 438.

Although we agree that the remark was improper, in light of the limited prejudice resulting from this remark, the district court's immediate instruction that the jury should disregard the remark and that the arguments of counsel were not evidence, we conclude that Bivins failed to meet the "high bar" to show that his substantial rights were affected. *See Ebron,* 683 F.3d at 140; *Turner,* 674 F.3d at 439. Thus, the district court did not abuse its discretion by denying his motion for a mistrial. *See Turner,* 674 F.3d at 438.

Bivins next argues that the district court abused its discretion by overruling his objection to another remark by the Government that it "would not be surprised" if Bivins' father had not seen the gun the two years. The district court found that the Government was arguing a permissible inference from the evidence. We agree that this was a permissible inference. *See United States v. Mendoza,* 522 F.3d 482, 491 (5th Cir. 2008).

Finally, Bivins argues that there was no proof that he knew that the gun had moved in interstate commerce and that § 922(g) is a violation of Congress's commerce power. As he concedes, these arguments are foreclosed. *See United States v. Schmidt,* 487 F.3d 253, 254 (5th Cir. 2007); *United States v. Dancy,* 861 F.2d 77, 81-82 (5th Cir. 1988); *United States v. Rawls,* 85 F.3d 240, 242 (5th Cir. 1996).

AFFIRMED.