# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LANDERS MARSHALL ISOM,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-223

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

After his motion to dismiss the indictment was denied, Landers Marshall Isom entered an unconditional guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Isom now alleges that his plea is not supported by a sufficient factual basis to establish the jurisdictional element of the offense because the Government failed to establish that he knew that the firearm had traveled in interstate commerce

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or that his possession of the firearm affected interstate commerce sufficiently to establish jurisdiction under the commerce clause.  Isom acknowledges that this court has held that the Government need not prove such knowledge, but contends that this court's precedent has been called into question by the Supreme Court's opinion in *McFadden v. United States*, 135 S. Ct. 2298 (2015).  He further argues that § 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012) (*NFIB*), which he contends limits Congress's authority to regulate activity under the commerce clause.  The Government moves for summary affirmance on the ground that all of Isom's claims are foreclosed or, alternatively, for an extension of time to file a responsive brief.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea."  *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted).  To establish a violation of 18 U.S.C. § 922(g)(1), the government must prove three elements beyond a reasonable doubt: (1) that the defendant previously had been convicted of a felony; (2) that he knowingly possessed a firearm; and (3) that the firearm traveled in or affected interstate commerce. *See United States v. Ferguson*, 211 F.3d 878, 885 n.4 (5th Cir. 2000).

Although Isom moved to dismiss the indictment prior to pleading guilty, he did not challenge "the adequacy of the factual basis underlying [his] guilty plea in the district court, either by making [his] plea conditional pursuant to Rule 11(a)(2) or by objecting thereafter" in response the magistrate judge's report or at sentencing.  *See United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2010) (en banc).  Accordingly, we review Isom's challenges to the factual basis for his plea for plain error only.  *See United States v. Johnson*, 194 F.3d

No. 15-10340

657, 660 (5th Cir. 1999), *vacated on other grounds*, 530 U.S. 1201 (2000).  To establish plain error, he must show a forfeited error that is clear or obvious that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

With respect to the mens rea necessary to support a conviction under § 922(g)(1), Isom fails to establish error, much less plain error.  This court has repeatedly held that there is no mens rea requirement as to the jurisdictional element of § 922(g).  *See, e.g.*, *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009); *United States v. Schmidt*, 487 F.3d 253, 254-55 (5th Cir. 2007).  We are bound by this precedent, as nothing in *McFadden* explicitly or effectively overrules it.  *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).  Nor can Isom establish plain error with respect to his commerce clause challenges, as they are foreclosed.  *See id.* at 145-46.

The judgment of the district court is AFFIRMED.  The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.