# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11671
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JERRELL SIMS,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-48-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jerrell Sims appeals his conviction and 87-month, above-guidelines sentence for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Sims contends that: (1) the indictment failed to allege that he knew he possessed a firearm in interstate commerce; (2) the district court failed to instruct the jury that the Government must prove knowledge of the jurisdictional predicate; (3) the indictment failed to allege that he knew that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was a felon; (4) the district court failed to instruct the jury that the Government must prove his knowledge of his felon status; (5) evidence that he merely possessed a firearm that had been shipped in interstate commerce did not suffice to establish an interstate nexus under § 922(g); (6) the evidence was insufficient to prove an interstate nexus; (7) the district court violated the Sixth Amendment by permitting the jury to establish the jurisdictional nexus merely by finding that subsidiary facts were true; and (8) his prior state conviction for kidnapping is not a "crime of violence" for purposes of the career offender Guideline.　　The Government moves for summary affirmance, asserting that this court's precedents foreclose Sim's first seven issues. *See United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Sims's first four claims collectively allege that the Government, as part of its burden of proof, was required—but failed—to prove that he knew he was a convicted felon and that he knew his possession of a firearm occurred in interstate commerce.　Our precedents foreclose this argument.　*See United States v. Schmidt*, 487 F.3d 253, 254-55 (5th Cir. 2007); *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988).

In his fifth and sixth claims, Sims contends that the evidence was insufficient to establish the interstate commerce element of § 922(g)(1) because merely possessing a firearm does not affect interstate commerce.　Our precedents likewise foreclose this argument.　*See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

In his seventh claim, Sims complains that he was denied a fair trial when the district court permitted the jury to establish the interstate commerce nexus merely by finding that the firearm Sims possessed had at some point been

transported in interstate commerce.  Circuit precedent also forecloses this argument.  *See United States v. Miles*, 122 F.3d 235, 239-40 (5th Cir. 1997).

The final argument Sims offers—that his prior state kidnapping conviction did not support a career offender guidelines enhancement—is not foreclosed.  However, Sims did not receive an enhancement based on that conviction.  Thus, there is no error to remedy.

The motion for summary affirmance is DENIED.  *See Groendyke*, 406 F.2d at 1162.  The Government's alternative motion for time to file a brief on the merits is DENIED.  The judgment is AFFIRMED.