# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10765
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 9, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUILLERMO FERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-26-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Guillermo Fernandez appeals following his guilty plea conviction of possession of a firearm by a convicted felon. Through counsel, Fernandez moves for summary disposition of his appeal; we may grant a motion for summary disposition when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

He first asserts, relying on *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) (*NFIB*), that 18 U.S.C. § 922(g)(1) is unconstitutional because it regulates conduct that falls outside of the Commerce Clause of the Constitution. We have rejected such a challenge, explaining that *NFIB* "did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases -- and numerous other cases in other circuits -- relied in finding statutes such as § 922(g)(1) constitutional." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). We have consistently upheld § 922(g)(1) as being "a valid exercise of Congress's authority under the Commerce Clause." *Id.* at 145. Thus, as Fernandez acknowledges, *Alcantar* forecloses his argument.

Additionally, Fernandez contends, in reliance on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), that his indictment should have been dismissed because it failed to allege that he knew that the firearm he possessed had at some point traveled in interstate commerce. Under *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), a § 922(g)(1) conviction "requires proof that the defendant knew that he had received (or possessed or transported) a firearm but does not require proof that he knew that the firearm had an interstate nexus or that he was a felon." *United States v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007). We have determined that *Dancy* is still good law even after the Supreme Court's decision in *Flores-Figueroa*, which addressed the mens rea element of a different statute. *See United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009). In view of *Rose*, Fernandez's contention is foreclosed, as he concedes.

No. 17-10765

Accordingly, Fernandez's unopposed motion for summary disposition is GRANTED, and the judgment is AFFIRMED.