# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11278
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD MCGEE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-57-1

Before WIENER, DENNIS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reginald McGee pled guilty to possession of a firearm by a convicted felon. He was sentenced to the statutory minimum prison sentence of 180 months under the provisions of the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e). On appeal, he argues that his prior convictions did not qualify under the terms of the ACCA to establish that statutory minimum. We disagree and AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11278

McGee's prior convictions were in Texas.  They included a Dallas County conviction for the offense of murder with a deadly weapon, a Dallas County conviction for the offense of aggravated robbery with a deadly weapon, and a Tarrant County conviction also for aggravated robbery with a deadly weapon. He argues that the district court erred in sentencing him under the provisions of the ACCA based on his convictions for aggravated robbery with a deadly weapon and murder with a deadly weapon.  He asserts that, in light of the holding in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), his convictions can qualify as violent felonies under the ACCA only if they are enumerated offenses or have the use of force as an element of the offense.  He contends that the offenses fail to meet either requirement.

Because McGee did not object to the finding that he was subject to the sentencing provisions of the ACCA based on these convictions, we review for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). To show plain error, McGee must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

We have held that the offense of aggravated robbery, as set forth in Texas Penal Code § 29.03, is divisible.  *United States v. Lerma*, 877 F.3d 628, 633–34 (5th Cir. 2017), *petition for cert. filed* (U.S. Apr. 18, 2018) (No. 17-8588).  A conviction under Texas Penal Code § 29.03(a)(2) is a violent felony under the force clause of the ACCA.  *Id.* at 636. Because the Texas aggravated robbery statute is divisible, the modified categorical approach may be used to determine under which portion of the statute McGee was convicted.  *See Descamps v. United States*, 570 U.S. 254, 260–63 (2013).  As in *Lerma*, the

No. 16-11278

relevant state court records show that McGee's prior convictions involved the commission of a robbery and using and exhibiting a deadly weapon. Those elements correspond with the elements of aggravated robbery under Texas Penal Code § 29.03(a)(2). *See Lerma*, 877 F.3d at 635. Because a conviction for aggravated robbery under that section of the Texas statute has as an element the threatened use of force, *see id.* at 636, the district court did not plainly err in determining that it was a violent felony for purposes of the ACCA, *see Puckett*, 556 U.S. at 135.

McGee also argues that the Texas aggravated robbery statute does not have force as an element because it can be committed with a mens rea of recklessness and that the statute does not require actual use of a deadly weapon and requires only mere possession. These arguments fail. The Supreme Court has held that "misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct" necessarily involve the use of physical force, thus constituting a misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9). *Voisine v. United States*, 136 S. Ct. 2272, 2276 (2016). We have applied *Voisine* in the context of a U.S.S.G. § 2L1.2 enhancement and concluded that a recklessness mens rea does not preclude a finding that an offense is a crime of violence under the use-of-force prong. *United States v. Mendez-Henriquez*, 847 F.3d 214, 218–22 (5th Cir.), *cert. denied*, 137 S. Ct. 2177 (2017). We also have applied cases interpreting the use-of-force prongs in § 2L1.2 and § 924(e) interchangeably. *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). Additionally, the Texas Court of Criminal Appeals has stated that use of a deadly weapon requires a showing that the weapon was employed in a manner facilitating the offense and that mere possession was not to be equated with the terms "use or exhibit" as set forth in Texas Penal Code § 29.03(a)(2). *McCain v. State*, 22 S.W.3d 497, 503

3

(Tex. Crim. App. 2000).  Moreover, we held that use of a deadly weapon and exhibition of a deadly weapon are separate elements of and not merely alternative means of satisfying a single element.  *Lerma*, 877 F.3d at 633–34.  Because McGee was charged and convicted of committing a robbery while using and exhibiting a deadly weapon, the offenses are violent felonies under the force clause of the ACCA.  *See id.* at 635–36.

As to his prior Texas conviction for murder, McGee presents no meaningful argument challenging its classification as a violent felony under the ACCA.  McGee therefore fails to show that the district court committed clear or obvious error in determining that his Texas murder conviction was a violent felony under the provisions of the ACCA.  *See Puckett*, 556 U.S. at 135.

McGee also argues that Section 922(g) is facially unconstitutional and as applied to him because it regulates conduct that falls outside the Government's power to regulate commerce.  He correctly acknowledges that this issue is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013).  He raises the issue to preserve for further review.  McGee further asserts that there is an insufficient factual basis for the element that he possessed a firearm that was in or affected interstate commerce.  This argument is likewise foreclosed.  *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

Finally, McGee argues that the Government failed to establish that he knew the firearm traveled in interstate commerce, citing *McFadden v. United States*, 135 S. Ct. 2298 (2015).  This argument is also foreclosed.  *See United States v. Schmidt*, 487 F.3d 253, 254–55 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.