# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                                      Plaintiff−Appellee,

versus

TRAMAIN DEON PRICE,

                                                      Defendant−Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Texas
No. 6:17-CR-38-1

————————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Tramain Price appeals his conviction of possession of a firearm by a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

person addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). He has filed an unopposed motion for summary disposition, conceding that his arguments are foreclosed. He raises the issues only to preserve them for possible further review.

Price asserts, relying on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012) (*NFIB*), that § 922(g)(3) is unconstitutional because it regulates conduct that falls outside the Commerce Clause, but he concedes that the issue is foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013). In *Alcantar*, *id.* at 145, we noted that our decisions have "consistently upheld the constitutionality" of 18 U.S.C. § 922(g)(1), which we described as "a valid exercise of Congress's authority under the Commerce Clause." We explained that *NFIB* "did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases—and numerous other cases in other circuits—relied in finding statutes such as § 922(g)(1) constitutional." *Alcantar*, 733 F.3d at 146. Although *Alcantar* concerned the constitutionality of § 922(g)(1) following *NFIB*, *see id.* at 145−46, its holding—like the holdings of other cases referenced herein addressing § 922(g)(1) convictions—applies with equal force to § 922(g)(3), the closely-related provision under which Price was convicted. *See United States v. Butler*, 637 F.3d 519, 523 (5th Cir. 2011) (explaining that "[t[he subsections of § 922(g) list the nine classes of prohibited status under which people cannot possess firearms). Thus, as Price concedes, this argument is foreclosed. *See Alcantar*, 733 F.3d at 145−46.

Citing *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989), Price contends that this court's construction of § 922(g) is contrary to the plain language because we do not interpret the statutory phrase "possess in or affecting commerce" as requiring proof that the defendant's possession of the firearm

No. 17-11406

was in or affecting commerce, but only that the firearm itself "crossed state lines." We have held, however, that evidence that "the firearm traveled in or affected interstate commerce" suffices to establish the interstate-commerce "nexus" of the statute. *See United States v. Gresham*, 118 F.3d 258, 265–66 (5th Cir. 1997) (§ 922(g)(1) case). One panel of this court may not overrule a decision of another panel in the absence of an intervening contrary or super-seding decision by this court sitting en banc or by the Supreme Court. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Therefore, Price's argument is foreclosed.

Relying on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), Price challenges his conviction on the ground that the indictment did not allege, and the factual basis did not establish, that he knew that his possession of the fire-arm was in or affecting interstate commerce. Under *United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988), a § 922(g)(1) conviction "requires proof that the defendant knew that he had received (or possessed or transported) a firearm but does not require proof that he knew that the firearm had an inter-state nexus." *United States. v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007). Price asserts that his argument is foreclosed by *United States v. Rose*, 587 F.3d 695 (5th Cir. 2009), which was decided after *Flores-Figueroa*. Indeed, in *Rose*, 587 F.3d at 705–06, we determined that *Dancy* remains good law even after *Flores-Figueroa*. In view of the foregoing, Price correctly concedes that this argument is foreclosed.

Accordingly, because summary disposition is appropriate, the motion for summary disposition is GRANTED, and the judgment is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).