# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10158
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

CHAD PRESTON BREWER,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:17-CR-42-1

Before SMITH, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Chad Brewer was convicted, on a guilty plea, of (1) being a felon in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10158

possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and (2) possession with intent to distribute a controlled substance.  He challenges only the former.  He has filed an unopposed motion for summary disposition, conceding that his arguments are foreclosed.  He raises them only to preserve them for possible further review.

Brewer asserts, relying on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012) ("*NFIB*"), that § 922(g)(1) is unconstitutional because it regulates conduct that falls outside the Commerce Clause.  He concedes that the issue is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145−46 (5th Cir. 2013).  In *Alcantar*, we noted that our decisions have "consistently upheld the constitutionality" of 18 U.S.C. § 922(g)(1), which we described as "a valid exercise of Congress's authority under the Commerce Clause." *Id.* at 145.  We explained that *NFIB* "did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases—and numerous other cases in other circuits—relied in finding statutes such as § 922(g)(1) constitutional." *Id.* at 146.

Citing *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989), Brewer contends that this court's construction of § 922(g) is contrary to the plain language of the statute because we do not interpret the phrase "possess in or affecting commerce" as requiring proof that the defendant's possession of the ammunition was in or affecting commerce, but only that the ammunition itself "crossed state lines."  We have held, however, that evidence that "the [ammunition] traveled in or affected interstate commerce" suffices to establish the interstate-commerce "nexus" of the statute. *United States v. Gresham*, 118 F.3d 258, 265 (5th Cir. 1997).  One panel of this court may not overrule a

2

No. 18-10158

decision of another panel in the absence of an intervening contrary or super-seding decision by this court sitting en banc or by the Supreme Court. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014). Therefore, Brewer's argument is foreclosed.

Relying on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), Brewer challenges his conviction on the ground that the indictment did not allege, and the factual basis did not establish, that he knew that his possession of the ammunition was in or affecting interstate commerce. Under *United States v. Dancy*, 861 F.2d 77, 81−82 (5th Cir. 1988), a § 922(g)(1) conviction "requires proof that the defendant knew that he had received (or possessed or trans-ported) [ammunition] but does not require proof that he knew that the [ammu-nition] had an interstate nexus." *United States. v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007). Brewer admits that his argument is foreclosed by *United States v. Rose*, 587 F.3d 695 (5th Cir. 2009), which was decided after *Flores-Figueroa*. Indeed, in *Rose*, *id.* at 705−06, we determined that *Dancy* remains good law even after *Flores-Figueroa*.

The motion for summary disposition is GRANTED, and the judgment is AFFIRMED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).