# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO HALE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:18-CR-6-1

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Lorenzo Hale appeals his guilty plea conviction for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Government moves for summary affirmance and, alternatively, for an extension of time to file its brief.

Hale correctly acknowledges that *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), forecloses his first argument, based on *National*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012) (*NFIB*), that § 922(g) is unconstitutional facially and as applied to him because it regulates conduct that falls outside of the Government's power to regulate commerce. As we explained, *NFIB* "did not address the constitutionality of § 922(g)(1), and it did not express an intention to overrule the precedents upon which our cases—and numerous other cases in other circuits—relied in finding statutes such as § 922(g)(1) constitutional." *Alcantar*, 733 F.3d at 146.

In addition, Hale correctly concedes that we have rejected his second argument, based on *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), that the factual basis did not establish that he knew that his possession of the firearm was in or affecting interstate commerce. Under *United States v. Dancy*, 861 F.2d 77, 81-82 (5th Cir. 1988), a § 922(g)(1) conviction "requires proof that the defendant knew that he had received (or possessed or transported) a firearm but does not require proof that he knew that the firearm had an interstate nexus." *United States. v. Schmidt*, 487 F.3d 253, 254 (5th Cir. 2007). Hale asserts that his argument is foreclosed by *United States v. Rose*, 587 F.3d 695 (5th Cir. 2009), which was decided after *Flores-Figueroa*. Indeed, in *Rose*, 587 F.3d at 705-06, we determined that *Dancy* remains good law even after *Flores-Figueroa*.

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED, and its motion to dismiss and its alternative motion for an extension of time are DENIED as unnecessary.