# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41467

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

NOEL LERMA,

> Defendant – Appellant.

———————

Appeal from the United States District Court
for the Southern District of Texas

———————

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

The question presented in this case is whether a conviction under the Texas aggravated robbery statute, Texas Penal Code § 29.03, qualifies as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Concluding that the statute is divisible, and that the crime for which appellant, Noel Lerma, was convicted previously at least three times is a "violent felony" under the ACCA, we AFFIRM.

## I.

The ACCA provides for a 15-year mandatory minimum term of imprisonment and a five-year maximum term of supervised release for those defendants convicted of being a felon in possession of a firearm following three

No. 16-41467

prior convictions for a "violent felony." § 924(e)(1). Absent that sentence enhancement, the felon-in-possession statute sets a 10-year maximum prison sentence and a three-year maximum supervised release term. *See* § 924(a)(2); 18 U.S.C. § 3583(b)(2).

In 1998, Lerma entered into a plea agreement with the United States wherein he admitted to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In a subsequent modified plea agreement, Lerma agreed to be sentenced to 15 years in prison "as an Armed Career Offender pursuant to 18 U.S.C. § 924(e)." Lerma did not appeal his sentence, and, in fact, he completed his 15-year prison term in 2013. However, Lerma has not begun to serve his five years of supervised release because he remains in federal prison, serving a 20-year consecutive sentence for unrelated drug charges.

Lerma now seeks to vacate, set aside, or correct his ACCA sentence pursuant to 28 U.S.C. § 2255 based upon the following. In 2015, the Supreme Court struck down the ACCA's "residual clause" as void for vagueness in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). Pre-*Johnson*, the ACCA defined the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that also:

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B). The "residual clause" is the last phrase of § 924(e)(2)(B)(ii): "otherwise involves conduct that presents a serious potential risk of physical injury to another."

*Johnson* did "not call into question application of the Act to the four enumerated offenses" listed in § 924(e)(2)(B)(ii), nor did it call into question

No. 16-41467

any aspect of § 924(e)(2)(B)(i), also known as the "force clause." 135 S. Ct. at 2563. Thus, post-*Johnson*, the ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year[1] that also:

   (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii)    is burglary, arson, extortion, or involves the use of explosives.

In 2016, the Supreme Court held that its decision in *Johnson* announced a substantive rule that applies retroactively on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016). Lerma, therefore, argues that his sentence imposed under the ACCA cannot stand.[2]  His argument is three-fold. First, he asserts that his sentence could not have constitutionally rested upon the residual clause in light of *Johnson* and *Welch*. Second, he contends that his prior convictions were not for burglary, arson, or extortion, nor did they involve the use of explosives, as required by § 924(e)(2)(B)(ii). Third, he argues that the Texas aggravated robbery statute, Texas Penal Code § 29.03, does not satisfy the force clause because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* § 924(e)(2)(B)(i).

The Government concedes that Lerma's sentence could not have constitutionally rested upon the residual clause in light of *Johnson* and *Welch*. The Government also concedes that Lerma's prior convictions were not for any

---

[1] There is no dispute that Lerma's prior convictions for aggravated robbery under Texas Penal Code § 29.03 carried prison terms exceeding one year. *See* TEX. PENAL CODE § 29.03(b) (noting that aggravated robbery "is a felony of the first degree"); TEX. PENAL CODE § 12.32(a) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years.").

[2] Lerma is potentially entitled to § 2255 relief with respect to the supervised release portion of his sentence, as well as the date for his ultimate release from prison.

of the four enumerated offenses listed in § 924(e)(2)(B)(ii). The only question then is whether Lerma's sentence can be sustained pursuant to the ACCA's force clause. That is, does the crime under the Texas aggravated robbery statute for which Lerma was previously convicted at least three times "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another"?

The district court answered that question in the affirmative and denied Lerma's § 2255 motion. From that denial, and the district court's subsequent issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253, Lerma now appeals.[3] As set forth below, we also conclude that the crime under Texas Penal Code § 29.03 for which Lerma was previously convicted at least three times qualifies as a violent felony under the force clause of the ACCA because it has as an element the use, attempted use, or threatened use of physical force against the person of another.

## II.

## A.

The issue presented by this case requires us first to determine the elements of aggravated robbery under Texas Penal Code § 29.03. The Supreme Court instructs that "[e]lements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, --- U.S. --- , 136 S. Ct. 2243, 2248 (2016) (internal quotation marks and citation omitted). "At a trial, they are what the jury must

---

[3] Although Lerma has completed the 15 years of imprisonment imposed as part of his sentence under the ACCA, he remains in prison serving the 20 years of imprisonment imposed as part of his sentence for federal drug-related crimes. Upon his release, Lerma must complete five years of supervised release as part of his sentence under the ACCA. Under these circumstances, Lerma is considered "in custody" for his ACCA conviction, and this Court, thus, has jurisdiction under § 2255 to consider on collateral review Lerma's challenge to his ACCA sentence.

find beyond a reasonable doubt to convict the defendant." *Id.* at 2248 (citations omitted). "[A]t a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Id.* (citation omitted).

An element of a crime must be distinguished from the means of satisfying a single element. *See id.* at 2249-51. For example, a statute may require the use of a "deadly weapon" as an element of a crime. The statute may then further list as potential deadly weapons a knife, gun, bat, or similar weapon. That "list merely specifies diverse means of satisfying a single element of a single crime." *Id.* at 2249. A jury need not find any particular weapon in the list was used in order to convict, so long as all of the jurors agreed that the defendant used a deadly weapon. *See id.*

### B.

Criminal statutes are indivisible or divisible. An indivisible statute sets out a single set of elements to define a single crime. In contrast, a divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* at 2249. If a statute is indivisible, the sentencing court must apply the "categorical approach." *See id.* at 2248. This approach requires the sentencing court, when determining whether a crime qualifies as a violent felony under the force clause, to focus solely on whether the elements of the crime of conviction include the use, attempted use, or threatened use of physical force against the person of another. *See id.* The sentencing court is not permitted to review the particular facts of the case. *Id.*

When a statute is divisible, however, the sentencing court may use the "modified categorical approach" to determine which elements played a part in the defendant's conviction. *Id.* at 2253. The modified approach serves "as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque." *Id.* (citation omitted). Under that approach, the sentencing court is allowed to look "to a

limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249 (citations omitted). The court can then determine, in deciding whether the crime satisfies the force clause, if one of those elements included the use, attempted use, or threatened use of physical force against the person of another.

In this case, the district court began its analysis by noting that the parties had "agreed that the Texas aggravated robbery statute was a divisible statute for which the modified categorical approach was appropriate." The district court then went on to analyze the statute as a divisible statute, implicitly determining that the statute was divisible.

## C.

Review of the district court's divisibility determination would generally represent a question of law that we would review de novo. *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015). The Government, however, asserts that "Lerma invited any error" as to the district court's divisibility analysis and that, consequently, we should review the district court's determination for only manifest injustice.

The invited error doctrine stands for the basic proposition that "[a] defendant may not complain on appeal of errors that he himself invited or provoked the district court to commit." *See United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014). "Statements amounting to invited error are a species of waiver" and generally evince an "intent" by the speaker to convince "the district court to do [something that] it would not otherwise have done." *See United States v. Rodebaugh*, 798 F.3d 1281, 1304 (10th Cir. 2015) (internal quotation marks and citations omitted). *Compare United States v. Morales-Rodriguez*, 788 F.3d 441, 443 n.3 (5th Cir. 2015) (holding that a defendant did not invite error as to his sentence even though he failed to object to it in the

No. 16-41467

district court and even though he stated that his PSR was correct), *with United States v. Roussel*, 705 F.3d 184, 193 (5th Cir. 2013) (holding that a defendant invited error regarding the issuance of a Rule 404(b) jury instruction because he requested the introduction of the prior acts evidence necessitating issuance of the instruction). "Invited error imposes an even higher standard than does plain-error review: We will not reverse on the basis of invited error, absent manifest injustice." *Salazar*, 751 F.3d at 332.

As stated above, the district court began its opinion by noting that the parties had agreed at the § 2255 hearing that the Texas aggravated robbery statute was divisible and that, thus, the modified categorical approach could be applied. A transcript of the hearing reads as follows:

> THE COURT: Now the parties agreed that the statute is divisible?
>
> THE GOVERNMENT: Yes, Your Honor.
>
> THE COURT [referring to defense counsel]: Do you agree with that?
>
> DEFENSE COUNSEL: The robbery – or the aggravated robbery statute?
>
> THE COURT: Both of them. Robbery and aggravated robbery.
>
> DEFENSE COUNSEL: Your honor, I looked through that last night and I was looking at the *Mathis* case. I think [the Texas aggravated robbery statute, by virtue of its incorporation of the Texas robbery statute,] would probably be divisible under *Mathis*.
> . . .
>
> THE COURT: Okay. Government agree?
>
> THE GOVERNMENT: Yes, Your Honor.

We do not construe defense counsel's equivocal concession as inviting error. *See United States v. Franklin*, 838 F.3d 564, 567 n.1 (5th Cir. 2016) ("We

7

narrowly construe counsel's statements in applying the invited error doctrine."). Indeed,

> A defendant's failure to object to a district court's proposed jury instruction, or even the affirmative statement, "No, Your Honor," in response to the court's query "Any objection?", is not the same as a defendant who proffers his or her own instruction, persuades the court to adopt it, and then later seeks to attack the sufficiency of that instruction [on appeal].

*United States v. Harris*, 695 F.3d 1125, 1130 n.4 (10th Cir. 2012). Because Lerma did not invite any alleged divisibility error, we review the district court's divisibility analysis de novo. *See Olvera*, 775 F.3d at 729.

### III.

### A.

The Texas aggravated robbery statute provides, in pertinent part:

(a) A person commits [aggravated robbery in Texas] if he commits robbery as defined in [Texas Penal Code] Section 29.02, **and** he:

    (1) causes serious bodily injury to another;

    (2) uses **or** exhibits a deadly weapon; **or**

    (3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, **if the other person** is:

        (A) 65 years of age or older; **or**

        (B) a disabled person.

(b) An offense under this section is a felony of the first degree.

TEX. PENAL CODE § 29.03 (emphases added).

No. 16-41467

The Texas robbery statute, which is incorporated into the first paragraph of the aggravated robbery statute, provides the following:

(a) A person commits [robbery in Texas] if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:

(1) Intentionally, knowingly, or recklessly causes bodily injury to another, or

(2) Intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

(b) An offense under this section is a felony of the second degree.

TEX. PENAL CODE § 29.02(a).

On its face, the Texas aggravated robbery statute requires that a defendant commit robbery **and** meet one of several other requirements to be convicted of aggravated robbery. The first paragraph of the statute is not alternatively phrased, but rather requires robbery **plus** something else to commit aggravated robbery. Specifically, a defendant may be convicted of aggravated robbery under § 29.03(a)(1) if he commits robbery **and** causes serious bodily injury to another. Both robbery and serious bodily injury are elements because both are required to obtain a conviction for aggravated robbery under § 29.03(a)(1). Thus, the aggravated robbery statute sets forth one crime under § 29.03(a)(1), requiring robbery and serious bodily injury. *See* Appendix, "Crime No. 1" under § 29.03(a)(1).

Under § 29.03(a)(2), robbery is again an element as set forth in the first paragraph. The additional requirement is that the defendant "uses **or** exhibits a deadly weapon." § 29.03(a)(2) (emphasis added). This provision is alternatively phrased, so the issue becomes whether the alternatives are elements of a crime under § 29.03(a)(2) or the means of satisfying a single element. *See Mathis*, 136 S. Ct. at 2249, 2256. On the face of the statute, the

9

alternatives of "using" a deadly weapon or "exhibiting" a deadly weapon cannot be means because they are not listed as ways of satisfying a single element. Rather, they each are alternative elements under § 29.03(a)(2). Thus, § 29.03(a)(2) sets forth two crimes: aggravated robbery in which the defendant commits robbery and uses a deadly weapon, and aggravated robbery in which the defendant commits robbery and exhibits a deadly weapon. *See* Appendix, "Crime No. 2" and "Crime No. 3" under § 29.03(a)(2).

Finally, under § 29.03(a)(3), robbery is again an element as set forth in the first paragraph. The additional requirement in order to commit aggravated robbery under § 29.03(a)(3) is the status of the victim ("the other person"). Specifically, the victim of the robbery must be "65 years of age or older; **or** a disabled person." § 29.03(a)(3)(A) & (B). This provision is alternatively phrased, so the issue again becomes whether the alternatives are elements or means of satisfying a single element. On the face of the statute, the alternatives are listed as the means of satisfying the single element of the status of the victim under § 29.03(a)(3). Thus, § 29.03(a)(3) of the aggravated robbery statute sets forth one crime requiring robbery and the status of the victim. *See* Appendix, "Crime No. 4" under § 29.03(a)(3).

Based on the language of the statute, and applying the definitions of "elements of a crime" and "means of an element" as set forth by the Supreme Court in *Mathis*, we conclude that the Texas aggravated robbery statute is divisible.

Lerma submits, however, that Texas law provides otherwise. He asserts that *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014), establishes that the Texas aggravated robbery statute is indivisible. In *Cooper*, the Texas Court of Criminal Appeals held that two of the defendant's five aggravated robbery convictions violated the double jeopardy clause of the Fifth Amendment. *See* 430 S.W.3d at 427. However, *Cooper* did not interpret the Texas aggravated

robbery statute. *Cooper* simply held that a defendant cannot be convicted of robbing the same person twice at the same time – once by threat and once by force. *Cooper* did not address the question that we now face: whether the Texas aggravated robbery statute is a divisible statute, setting forth alternative elements and thereby defining multiple crimes.[4]

Because the Texas aggravated robbery statute is divisible, we proceed to apply the modified categorical approach.

## B.

The modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record." *Johnson v. United States*, 559 U.S. 133, 144 (2010) (*Johnson II*). The court may refer to the "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Id.* (citations omitted). In this case, the record contains Lerma's juvenile order of commitment wherein Lerma was "found to have engaged in delinquent conduct." Specifically, Lerma was found to have:

> while in the course of committing theft of beer and money, hereinafter called "the property," from [victim], with intent to obtain and maintain control of the property, using and exhibiting

---

[4] Contrary to Lerma's assertions, the decisions from the Texas Court of Appeals in *Woodard v. State*, 294 S.W.3d 605 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), and *Burton v. State*, 510 S.W.3d 232 (Tex. App.—Fort Worth 2017, no pet.), are not helpful in the divisibility determination. The court in *Woodard* used the term "means" in a different way than the *Mathis* court. Specifically, the court concluded that the "aggravating factors [of § 29.03] are simply descriptions or means by which the underlying offense of robbery by causing bodily injury can be committed." *See Woodard*, 94 S.W.3d at 609. When the court used the word "means," it did not do so in relation to satisfying a single element of a crime, as *Mathis* requires. Rather, the *Woodard* court appears to have used the word "means" to describe the various crimes set forth in the aggravated robbery statute. *See, e.g.*, Appendix (setting forth various crimes constituting aggravated robbery under § 29.03). In *Burton*, the court held that "causing bodily injury or threatening the victim are different methods of committing the same offense." 510 S.W.3d at 232. It is unclear whether the court was referring to the elements of a crime, the means of satisfying a single element, or the crimes set forth by a statute under a *Mathis* analysis.

a deadly weapon, namely, a gun, knowingly and intentionally threaten and place [victim] in fear of imminent bodily injury or death . . . on or about February 11, 1979.

The Order of Commitment further provides that Lerma was found to have:

On or about February 17, 1979, while in the course of committing theft of beer and money, hereinafter called "the property," from [victim], with intent to obtain and maintain control of the property, using and exhibiting a deadly weapon, namely, a gun, knowingly and intentionally threaten and place [victim] in fear of imminent bodily [injury] or death.

The indictment charging Lerma with his first aggravated robbery as an adult alleged the following:

On or about July 10, 1990, . . . [Lerma] did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and knowingly threaten [victim] with and place her in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm.

Lerma's subsequent judicial confession and stipulation tracked the exact language of the indictment.

The indictment charging Lerma with his second aggravated robbery as an adult alleged the following:

On or about March 4, 1991, . . . [Lerma] did then and there while in the course of committing theft of property and with the intent to obtain and maintain control over the property, intentionally and knowingly threaten [victim] with and place him in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a knife, which in the manner of its use and intended use was capable of causing death and serious bodily injury.

Lerma's subsequent judicial confession and stipulation tracked the exact language of the indictment.

No. 16-41467

Each of Lerma's prior convictions involved his commission of a robbery (intentionally and knowingly threatening the victim with **and** placing the victim in fear of imminent bodily injury and death), and his using **and** exhibiting a deadly weapon.   These elements are the same elements of aggravated robbery under § 29.03(a)(2).   *See* Appendix, "Crime No. 2" and "Crime No. 3" under § 29.03(a)(2).   Thus, under the modified categorical approach, we determine that Lerma's prior convictions were based on § 29.03(a)(2) of the Texas aggravated robbery statute.   The only question remaining is whether aggravated robbery under § 29.03(a)(2) "has as an element the use, attempted use, or threatened use of physical force against the person of another" such that it qualifies as a "violent felony" under the force clause of the ACCA.   *See* § 924(e)(2)(B)(i).

The Supreme Court has instructed that the meaning of "physical force" in the ACCA's force clause "is a question of federal law, not state law." *Johnson II,* 559 U.S. at 138.   In J*ohnson II*, the Court provided the meaning of "physical force" under the force clause of the ACCA.   Specifically, the Court held that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."   *Id.* at 140 (citation omitted).

There can be no question that a crime under Texas Penal Code § 29.03(a)(2), that is, threatening someone with imminent bodily injury or death, or placing someone in fear of such, while using or exhibiting a deadly weapon in the course of committing theft with intent to obtain or maintain control of the property, has as an element the threatened use of physical force against the person of another.   *See United States v. Ovalle-Chun*, 815 F.3d 222, 227 (5th Cir. 2016) (holding that "a person who intends to, and does, place another in fear of imminent physical injury by displaying what appears to be a deadly weapon has communicated an intent to inflict physical harm and, thus, threatened the use of force").   Therefore, Lerma's prior convictions for

aggravated robbery under Texas Penal Code § 29.03(a)(2) qualify as "violent felonies" under the force clause of the ACCA.

Lerma argues, however, that under Texas law, the defendant's use or exhibition of the deadly weapon need not play any part in accomplishing the threat or placing the victim in fear, as shown by the court's decision in *Boston v. State*, 410 S.W.3d 321, 326-27 (Tex. Crim. App. 2013). In *Boston*, the victim of the aggravated robbery testified that "she never saw the firearm" used by the offender. However, a video of the crime showed that the offender "briefly pointed [the firearm] at the [victim], and set it on the counter pointed at the [victim]." *Boston*, 410 S.W.3d at 323. Under such circumstances, the crime of aggravated robbery under § 29.03(a)(2) would still qualify as a violent felony under the force clause, for there can be no question that pointing a gun at someone is an attempt to use physical force against the person of another. Thus, even under the scenario presented in *Boston*, the crime of aggravated robbery under § 29.03(a)(2) "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* § 924(e)(2)(B)(i).

Based on the foregoing, Lerma's prior convictions for aggravated robbery under Texas Penal Code § 29.03(a)(2) qualify as violent felonies under the force clause of the ACCA. Consequently, Lerma is not entitled to any relief under 28 U.S.C. § 2255. The district court's judgment is AFFIRMED.

No. 16-41467

## APPENDIX

| | | | |
|---|---|---|---|
| Aggravated Robbery, Texas Penal Code § 29.03 | **Crime No. 1** § 29.03(a)(1) | Robbery | |
| | | Serious Bodily Injury | |
| | **Crime No. 2** § 29.03(a)(2) | Robbery | |
| | | Uses a Deadly Weapon | |
| | **Crime No. 3** § 29.03(a)(2) | Robbery | |
| | | Exhibits a Deadly Weapon | |
| | **Crime No. 4** §29.03(a)(3) | Robbery | |
| | | Status of the Victim | 65 or Older OR Disabled |

15