# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20436
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 12, 2018
Lyle W. Cayce
Clerk

Consolidated with 17-20523

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRENT LASHAWN DAVIS,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-362-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A federal grand jury charged Trent Lashawn Davis with aiding and abetting aggravated bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2 (count one), and using and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count two). A jury found Davis guilty on both counts, and the district court sentenced him to 324

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of imprisonment.[1]  For the first time on appeal, Davis argues that the district court constructively amended the indictment, in violation of the Fifth Amendment, by instructing the jury on "using and carrying," rather than "using and brandishing," a firearm during and in relation to a crime of violence.

The Government invokes the doctrine of invited error, which applies to errors a party induced the court to commit, *United States v. Lopez-Escobar*, 920 F.2d 1241, 1246 (5th Cir. 1991), and is reviewed only for "manifest injustice," *United States v. Rodriguez*, 602 F.3d 346, 350-51 (5th Cir. 2010) (internal quotation marks and citation omitted).  We conclude that the doctrine of invited error applies, and Davis has failed to show "manifest injustice."

Davis himself affirmatively requested the very charge he now claims was error.  This is not a situation of mere acquiescence in another's mistake.  *Cf. United States v. Lerma*, 877 F.3d 628, 632-33 (5th Cir. 2017) (involving mere acquiescence in another's mistake), *cert. denied*, 2018 WL 1912585 (U.S. May 29, 2018) (No. 17-8588).  Davis argues that the Government also requested the allegedly erroneous charge, thus, his request was of no moment.  But that is patently untrue:  had Davis requested the correct charge, the district judge would have been put on notice of a difference between the two and been able to resolve any disagreement then and there.  Instead, now Davis seeks yet a third trial of this case on an error he not only failed to preserve but affirmatively invited.

Davis makes no attempt to argue manifest injustice, and we find none here.  There was plenty of evidence that Davis brandished a firearm during the robbery.

Accordingly, the judgment of the district court is AFFIRMED.

---

[1] The district court also revoked Davis's supervised release in a separate case.  Davis filed a notice of appeal in the revocation case, and the appeals were consolidated on Davis's motion, but Davis has not briefed any issues arising from the revocation.