# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 15-40347
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN GARRIDO, also known as Edwin Garrido-Arriaga,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-500-1

————

 ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DENNIS, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

   Edwin Garrido was convicted of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b), and sentenced to fifty-seven months in prison and three years of supervised release.  The judgment reflects that Garrido was convicted and sentenced under § 1326(b)(2).  On appeal, Garrido argued that the district court plainly erred by convicting and sentencing him under § 1326(b)(2) because his prior Texas conviction for aggravated robbery did not qualify as an

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40347

"aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). We affirmed. *United States v. Garrido*, 671 F. App'x 362 (5th Cir. 2016) (per curiam).

The Supreme Court granted Garrido's petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court held that 18 U.S.C. § 16(b) was unconstitutionally vague, and therefore could not serve as the basis for a conviction and sentence for unlawful reentry under § 1326(b)(2). 138 S. Ct. at 1215. Under *Dimaya*, a sentence imposed under § 1326(b)(2) resting solely on § 16(b) is improper and "the conviction must . . . be reformed to reflect that [the defendant] was sentenced according to 8 U.S.C. § 1326(b)(1)." *United States v. Godoy*, 890 F.3d 531, 542 (5th Cir. 2018). However, if the predicate offense also "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," it also constitutes a "crime of violence" under § 16(a). 18 U.S.C. § 16(a). In such circumstances, the judgment under § 1326(b)(2) should be allowed to stand.

The predicate offense for Garrido's sentencing under § 1326(b)(2) is Garrido's 2009 Texas conviction for aggravated robbery with a deadly weapon under Texas Penal Code § 29.03. In *United States v. Lerma*, 877 F.3d 628 (5th Cir. 2017), this court held that the statute is divisible. Accordingly, to determine whether a conviction under Texas Penal Code § 29.03 constitutes a "violent felony," the modified categorical approach applies to determine under which of the alternative elements listed in § 29.03 the defendant was convicted. 877 F.3d at 635. Applying this approach, *Lerma* held a conviction based on § 29.03(a)(2), which lists as an element that the defendant "use[d] or exhibit[ed] a deadly weapon," "has as an element the threatened use of physical force against the person of another." *Id.* at 636.

2

No. 15-40347

Garrido concedes that if *Lerma* remains good law, we are required to uphold his conviction under § 1326(b)(2) because his aggravated robbery conviction is a "crime of violence" under § 16(a). Garrido argues that *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc) overruled *Lerma*. In *Herrold*, the en banc court reiterated existing principles clarified by the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), to determine whether a state crime is divisible. We explained that "[o]ur first task is to determine whether state law sources resolve the question" of a statute's divisibility. 883 F.3d at 522. Because *Lerma* rested exclusively on the plain language and structure of the statute, rather than state law sources, Garrido argues, *Herrold* overruled *Lerma*. We disagree. Although it is true that *Lerma* did not rely on state case law, *Herrold* did not expressly overrule *Lerma*, nor did it create the interpretative principles on which Garrido rests his argument. *Herrold* itself is simply an application of *Mathis*, which *Lerma* relied on. *See Lerma*, 877 F.3d at 631. Thus, we cannot say that *Herrold* constitutes "an intervening change in the law" permitting our departure from *Lerma*. *See United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013) ("Under our rule of orderliness, only an intervening change in the law (such as by a Supreme Court case) permits a subsequent panel to decline to follow a prior Fifth Circuit precedent.").

Accordingly, Garrido's conviction for aggravated robbery under Texas law constitutes a crime of violence under § 16(a), and therefore his sentence under 8 U.S.C. § 1326(b)(2) was proper notwithstanding the Supreme Court's decision in *Dimaya*.

AFFIRMED.