# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20727

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES ANGULO QUINTERO, also known as James Qunitero Angulo, also
known as Jame Quintero Angulo, also known as Pedro Perez Martinez,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-47-1

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

James Angulo Quintero appeals his sentence for his conviction for
illegally re-entering the United States and argues that the district court
violated the Ex Post Facto Clause at his sentencing hearing. He also raises
other challenges related to the classification of a prior conviction. We VACATE
and REMAND for resentencing.

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances set forth
in Fifth Circuit Rule 47.5.4.

No. 17-20727

I

Angulo Quintero pleaded guilty to illegally re-entering the United States in violation of 8 U.S.C. § 1326. Angulo Quintero was originally scheduled for sentencing on July 15, 2016, when the 2015 version of the United States Sentencing Guidelines was still in effect. The sentencing was delayed until December 15, 2016, after the 2016 Guidelines had gone into effect. The district court sentenced Angulo Quintero to 46 months, a downward variance from the range provided by both the 2015 and 2016 Guidelines.

Following a successful appeal, *United States v. Quintero*, 698 F. App'x 179 (5th Cir. 2017), Angulo Quintero was resentenced on November 1, 2017. Once again, the district court concluded that the 2015 and 2016 Guidelines prescribed identical sentencing ranges, so it applied the 2016 Guidelines. In making these calculations, the district court relied on the applicability of the "crime of violence" sentencing enhancement in § 2L1.2(b)(1)(A)(ii) of the 2015 Guidelines, which used Angulo Quintero's prior Texas conviction for burglary of a habitation as the predicate offense. The district court again imposed a 46-month sentence. Angulo Quintero now appeals a second time.

II

We first must decide whether Angulo Quintero may raise his Ex Post Facto Clause argument. The government argues that he is prevented from doing so by the threefold cord of the law-of-the-case, invited-error, and forfeiture doctrines, but we disagree. Under the law-of-the-case doctrine, "an issue of fact or law decided on appeal may not be reexamined . . . by the appellate court on subsequent appeal." *United States v. Lee,* 358 F.3d 315, 320 (5th Cir. 2004). Angulo Quintero never raised his Ex Post Facto Clause argument in the initial appeal, and this court never ruled on it. Because this issue has not been "decided on appeal," *id.*, it is not precluded.

No. 17-20727

The invited-error doctrine also fails to prevent Angulo Quintero from raising his arguments. That doctrine precludes a defendant from "complain[ing] on appeal of errors that he himself invited or provoked the district court to commit." *United States v. Lerma*, 877 F.3d 628, 632 (5th Cir. 2017). But the doctrine applies only when the defendant intends to "convince the district court to [do something] it would not otherwise have done." *Id.* In the instant case, the district court judge asked whether the 2016 Guidelines applied, to which Angulo Quintero's counsel simply said, "Yes, your Honor." This passivity is a far cry from the affirmative persuasion and provocation to which the doctrine applies. *See, e.g.*, *United States v. Roussel*, 705 F.3d 184, 193 (5th Cir. 2013) (holding that a defendant invited error by introducing evidence that he later argued was inadmissible).

With regard to forfeiture, we conclude that Angulo Quintero failed to object but did not waive the ex post facto argument, so we review for plain error. *McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 673 (5th Cir. 1993) ("It is the unwavering rule in this Circuit that issues raised for the first time on appeal are reviewed only for plain error."). To establish plain error, Angulo Quintero must demonstrate that: "(1) there was error; (2) the error was plain and obvious; (3) the error affected [his] substantial rights; and (4) the court should exercise its discretion to reverse because the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Kiekow*, 872 F.3d 236, 248 (5th Cir. 2017).

Angulo Quintero asserts that the error in this case is a violation of the Ex Post Facto Clause, which occurs when a defendant is sentenced under Guidelines promulgated after his offense and the new version prescribes a higher range. *Peugh v. United States*, 569 U.S. 530, 533 (2013). At the time of Angulo Quintero's illegal re-entry, the 2015 Guidelines were in place and, because of our recent decision in *United States v. Herrold*, would have resulted

3

No. 17-20727

in a lower sentencing range.  883 F.3d 517 (5th Cir. 2018) (en banc), *petitions for cert. filed*, (U.S. Apr. 18, 2018) (No. 17-1445), and (U.S. May 21, 2018) (No. 17-9127).  *Herrold* invalidated the use of prior Texas burglary convictions to apply the § 2L1.2(b)(1)(A)(ii) enhancement in the 2015 Guidelines.  *See United States v. Islas-Saucedo*, No. 16-40672, 2018 WL 4327302, at *4 (5th Cir. Sept. 11, 2018).  Without the enhancement, the respective ranges of the 2015 and 2016 Guidelines are no longer identical: the 2015 range becomes lower because the 2016 Guidelines do not include the enhancement.  *Compare* U.S. Sentencing Guidelines Manual § 2L1.2 (U.S. Sentencing Comm'n 2015), *with* U.S. Sentencing Guidelines Manual § 2L1.2 (U.S. Sentencing Comm'n 2016).  The district court accordingly erred by applying the 2016 Guidelines. Moreover, given our existing decisions applying *Herrold*, the district court's use of the 2016 Guidelines was plain and obvious.  Thus, the first two plain error prongs are satisfied.

The plain and obvious error also affected Angulo Quintero's substantial rights.  A defendant can show that his substantial rights were affected if he demonstrates a reasonable probability that he would have received a more favorable sentence in the absence of the district court's misapplication of the Guidelines.  *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663–64 (5th Cir. 2016).  Where the error is assessing a sentence under the incorrect Guidelines range, "the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

Without the § 2L1.2(b)(1)(A)(ii) enhancement, the 2015 Guidelines yield a sentencing range of 24–30 months.  This range is between 16 and 22 months lower than the 46-month sentence Angulo Quintero received.  Although the district court has imposed this 46-month sentence twice, the government has not established that the district court would do so a third time.  Significantly,

while the district court agreed to a downward variance from the Guidelines during Angulo Quintero's first sentencing, nothing indicates that the district court would similarly agree to an upward variance from the applicable 2015 Guidelines range. Instead, "the record is silent as to what the district court might have done had it considered the correct Guidelines range," which is sufficient to establish an effect on the defendant's substantial rights. *Molina-Martinez*, 136 S. Ct. at 1347.

Finally, correcting this error is an appropriate exercise of our discretion. An error affecting a defendant's Guidelines range "ordinarily will satisfy [the] fourth prong" of the plain error analysis. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018). Although of course the district court may impose any lawful sentence upon resentencing, Angulo Quintero has already served time in excess of the 2015 Guidelines range. Thus, we conclude that the fourth prong is satisfied.

For these reasons, we VACATE and REMAND for resentencing. [1]

---

[1] Angulo Quintero further argues—and the government agrees—that, post-*Herrold*, there is no basis for classifying his prior burglary conviction as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). We expect that the district court will reassess the statute of conviction on remand.