# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10616

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARTAVIUS DONTRELL SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-227-1

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

In 2016, Appellant Artavius Dontrell Smith pleaded guilty to three federal offenses: possession of a firearm after felony conviction, possession of ammunition after felony conviction, and possession with intent to distribute cocaine. Applying an Armed Career Criminal Act ("ACCA") sentencing enhancement, the district court sentenced Smith to 188 months'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10616

imprisonment.[1] Smith challenges his sentence on appeal, arguing that none of his prior convictions qualifies as an ACCA predicate.

The ACCA "imposes a fifteen-year minimum sentence on a defendant who is convicted of being a felon in possession of a firearm and has three previous convictions for 'violent felonies' or 'serious drug offenses.'"[2] Smith's ACCA enhancement was based on a series of four offenses he committed in 2008 and 2009 when he was seventeen years old:[3]

| Date of Commission | Date of Arrest | Offense | Statute of Conviction |
|---|---|---|---|
| 09/30/2008 | 09/30/2008 | Burglary of a Habitation | Tex. Penal Code § 30.02 |
| 09/30/2008 | 09/30/2008 | Burglary of a Habitation | Tex. Penal Code § 30.02 |
| 02/26/2009 | 04/11/2009 | Burglary of a Habitation | Tex. Penal Code § 30.02 |
| 04/09/2009 | 04/11/2009 | Aggravated Robbery | Tex. Penal Code § 29.03 |

Before the district court and again on appeal, Smith argues that none of his prior convictions is a "violent felony" within the meaning of the ACCA. In addition, he contends the Government cannot prove that his two September 30, 2008 burglaries were committed on separate occasions, as required by the statute.[4]

---

[1] *See* 18 U.S.C. § 924(e).

[2] *United States v. Griffin*, 946 F.3d 759, 760 (5th Cir. 2020) (per curiam) (internal alterations omitted) (quoting 18 U.S.C. § 924(e)(1)).

[3] Although the ACCA requires only three qualifying convictions, the district court did not specify which of Smith's four prior offenses it was using to support the ACCA enhancement. 18 U.S.C. § 924(e)(1).

[4] *See id.* (providing that qualifying offenses must have been "committed on occasions different from one another").

No. 17-10616

Smith's arguments are foreclosed by this Court's binding precedent. First, our recent decision in *Herrold II* established that Texas' burglary statute is generic, and therefore all Texas burglary convictions are categorically violent felonies for purposes of the ACCA.[5] Thus, even assuming *arguendo* that the two September 30, 2008 burglaries were not committed on separate occasions, Smith has at least two burglary convictions that count as ACCA predicates: one of the 2008 burglaries, and the burglary committed on February 26, 2009.

Next, as Smith concedes, this Court has repeatedly held, both before and after *Herrold II*, that Texas aggravated robbery is a violent felony under the ACCA.[6] Smith contends that "the Supreme Court recently granted certiorari in a case that could overturn" that holding.[7] However, the Supreme Court subsequently dismissed the certiorari petition in that case[8] and, regardless, we remain bound by our precedent until the Supreme Court says otherwise.[9]

---

[5] *United States v. Herrold (Herrold II)*, 941 F.3d 173, 182 (5th Cir. 2019) (en banc); *see* TEX. PENAL CODE § 30.02(a). Smith tries to chip a hole in the barrier erected by *Herrold II*, arguing that the case did not foreclose the *possibility* that Texas burglary may be nongeneric, but rather left the door open to defendants who can support their claim with applicable Texas case law. Not only did the Court reject this "very same argument" when Herrold made it, but we have rejected it after *Herrold II* as well. *United States v. Wallace*, 964 F.3d 386, 388 (5th Cir. 2020); *see id.* at 389 (rejecting the "assertion that our holding in *Herrold II* is confined to Herrold's failure to provide supportive Texas cases"). It is now settled that all "challenges to the Texas burglary statute as being nongeneric for purposes of the ACCA enhancement are foreclosed." *United States v. Walton*, 804 F. App'x 281, 282 (5th Cir. 2020) (unpublished) (per curiam).

[6] *See United States v. Burris*, 920 F.3d 942, 956 (5th Cir. 2019); *United States v. Mitchell*, 776 F. App'x 227, 228 (5th Cir. 2019) (unpublished) (per curiam); *United States v. Lewis*, 782 F. App'x 358, 359 (5th Cir. 2019) (unpublished) (per curiam); *United States v. Lerma*, 877 F.3d 628, 629 (5th Cir. 2017).

[7] *See Walker v. United States*, 769 F. App'x 195 (6th Cir.), *cert. granted*, 140 S. Ct. 519 (2019), *cert. dismissed*, 140 S. Ct. 953 (2020).

[8] 140 S. Ct. 953.

[9] *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue."); *see also United States v. Stewart*, 732 F. App'x 314, 316 (5th Cir. 2018) (unpublished) (per curiam) ("[W]e have traditionally held that even when the Supreme Court has granted certiorari in a relevant case, we will continue to follow binding precedent.").

Counting the aggravated robbery conviction in addition to the burglaries, Smith has at least three, if not four, qualifying convictions.

For the foregoing reasons, we conclude that the district court properly enhanced Smith's sentence under the ACCA. Smith's conviction and sentence are therefore affirmed.[10]

---

[10] To the extent Smith's April 2018 motion for summary reversal or for extension of time remains pending, it is denied.