# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 20-40097

United States of America,

*Plaintiff—Appellee*,

*versus*

Alfonso Lopez-Rodriguez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:19-CR-897-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

This court previously granted the government's unopposed motion for summary affirmance of Alfonso Lopez-Rodriguez's conviction under 8 U.S.C. § 1326. Lopez-Rodriguez then petitioned for certiorari to the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40097

Supreme Court. The Supreme Court has now vacated the judgment and remanded to us with instructions to consider Lopez-Rodriguez's appeal in the light of the Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). We have considered the effect *Borden* has on Lopez-Rodriguez's conviction and, as we shall discuss, hold that it does not disturb this court's earlier judgment. Consequently, we REINSTATE the judgment as previously entered.

I.

On November 13, 2019, Lopez-Rodriguez pleaded guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] On February 5, 2020, the district court, upon Lopez-Rodriguez's plea of guilty, entered a judgment of conviction under section 1326(a) and (b)(2) and sentenced Lopez-Rodriguez to 57 months. Lopez-Rodriguez's plea of guilty and the district court's judgment of conviction under section 1326(b)(2) were based on a prior Texas aggravated robbery conviction.[2]

---

[1] 8 U.S.C. § 1326(a) makes it a crime for "any alien who has been . . . removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters . . . the United States . . . ." and imposes a statutory maximum of 2-years imprisonment for that crime. Section 1326(b)(2) further provides that when the crime of section 1326(a) is preceded by an aggravated felony, the maximum imprisonment is 20-years.

[2] A person commits Texas aggravated robbery "if he commits [simple robbery under Texas Penal Code Ann. § 29.02] *and* he: (1) causes serious bodily injury to another; [or] (2) uses or exhibits a deadly weapon . . . ." TEX. PENAL CODE ANN. § 29.03(a)(1)–(2) (emphasis added). A person commits simple robbery, "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, *or recklessly* causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a) (emphasis added). Thus, in Texas, aggravated robbery incorporates the crime of simple robbery in its definition.

No. 20-40097

Lopez-Rodriguez appealed to this court and raised one issue: "Whether the district court plainly erred by convicting, sentencing, and entering judgment against Mr. Lopez-Rodriguez under 8 U.S.C. § 1326(b)(2) because his conviction for Texas aggravated robbery was the only possible [underlying] predicate offense justifying a § 1326(b)(2) conviction and that [state] offense can be committed *recklessly*." That is to say, Texas aggravated robbery incorporates Texas simple robbery, which criminalizes reckless conduct. In the earlier proceeding before us, however, Lopez-Rodriguez acknowledged that Fifth Circuit precedent—*United States v. Burris*, 920 F.3d 942 (5th Cir. 2019), *vacated and remanded*, 2021 U.S. LEXIS 3211 (June 21, 2021)—foreclosed his argument at the time, but he nevertheless sought to preserve the issue given the Supreme Court's pending decision in *Borden*. The government filed an unopposed motion for summary affirmance of his conviction, which this court granted on August 18, 2020. Lopez-Rodriguez subsequently petitioned the Supreme Court for certiorari. On June 21, 2021, after it had decided *Borden*, the Supreme Court granted certiorari, vacated our judgment, and remanded the case to us "for further consideration in [the] light of *Borden v. United States*."

II.

A.

So, the question we proceed to answer is whether *Borden* requires us to vacate Lopez-Rodriguez's conviction of illegal reentry and sentencing under section 1326(b)(2). In *Borden*, the defendant, under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), received an enhanced sentence because of a prior Tennessee state conviction of reckless aggravated assault that was treated as a crime of violence. 141 S. Ct. at 1822. Under Tennessee law, Borden's reckless aggravated assault conviction required that he "recklessly commit an assault" that either resulted in serious bodily injury or death or involved a deadly weapon. Tenn. Code Ann. § 39-13-

3

102(a)(1)(B). The Supreme Court reversed. It held that because a "crime of violence" required the "use of physical force against the person of another" a crime supporting an ACCA enhancement required a higher degree of *mens rea* than recklessness. *Borden*, 141 S. Ct. at 1825. Therefore, because, under his indictment, Borden's state court conviction could have been for *reckless* aggravated assault, the Supreme Court reversed his "crime of violence" sentencing enhancement. *Id.* at 1834.

Similarly, and relevant here, a sentence under section 1326(b)(2) requires a showing of a previous conviction for an "aggravated felony." As pertinent to this appeal, 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of title 18 . . . ) for which the term of imprisonment [is] at least one year." 18 U.S.C. § 16(a) defines a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"[3] In short, the question before us is not whether Lopez-Rodriguez committed a robbery under Texas law—he did—but whether that Texas robbery constituted an aggravated felony in the light of *Borden*.

B.

Upon remand, we requested supplemental letter briefs addressing *Borden*'s effect on Lopez-Rodriguez's appeal. In his letter brief, Lopez-Rodriguez argued that *Borden* barred his conviction under section 1326(b)(2) because Texas's aggravated robbery statute incorporates, as an element, simple robbery, which allows a conviction based on a *mens rea* of only

---

[3] *Borden* specifically ruled on the "use of physical force" phrase as it applied to a "violent felony" under the ACCA. The ACCA's "violent felony" and section 16's "crime of violence" definitions are nearly identical, however, and the government agrees that *Borden* applies to section 16(a).

recklessness. And further, Lopez-Rodriguez argued, the record on appeal here does not establish that Lopez-Rodriguez was actually charged with, or pleaded guilty, to a crime with a higher standard of *mens rea* than recklessness. In response, the government argued that *Borden* had no effect on Lopez-Rodriguez's case because the state indictment and PSR clearly showed that Lopez-Rodriguez was charged with and pleaded guilty to committing the robbery with intent or knowledge that his actions would cause the victim fear of imminent harm; thus, the robbery was not merely recklessly committed.

Along with its letter brief, the government filed a motion, opposed by Lopez-Rodriguez, to supplement the record with the state indictment.[4] We granted that motion.

---

[4] The indictment charges,

> THE GRAND JURORS, for the County of Cameron, State of Texas, duly organized, upon their oaths present in the said Court, and for the term aforesaid, present that ALFONZO LOPEZ RODRIGUEZ, hereinafter called the Defendant, on or about the 21ST DAY OF JULY, 2011, and anterior to the presentment of this indictment, in the County of Cameron and State of Texas, did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Leidy Barragan in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife.

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, on the 22nd day of September, 2009, in cause number CR-2988-09-B in the 93rd Judicial District of Hidalgo County, Texas, the defendant was convicted of the felony offense of Assault Against a Public Servant.

C.

First, it is important to our consideration whether the Texas aggravated robbery statute is divisible into separate robbery crimes—and our precedent in *United States v. Lerma*, 877 F.3d 628, 634 (5th Cir. 2017), has said clearly that it is. Because Lopez-Rodriguez's statute of conviction for aggravated robbery is divisible we use the modified categorical approach to examine the particular crime of robbery that he committed.

To assess whether a prior conviction constitutes a "crime of violence" we would usually apply the categorical approach, which focuses on the elements of the specific crime and not the underlying facts of conviction. *United States v. Martinez-Rodriguez*, 857 F.3d 282, 285 (5th Cir. 2017). The categorical approach is straightforward when a statute involves a single list of elements for a singular crime. "Some statutes, however, have a more complicated (sometimes called 'divisible') structure . . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Divisible statutes "list elements in the alternative, and thereby define multiple crimes." *Id.* If a statute is divisible into different crimes then a modified categorical approach is appropriate to determine which of the crimes referred to in the statute was committed. This approach allows us to look at "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* When a defendant has pleaded guilty, the proper documents to consider when using the modified categorical approach are the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judgment to which the defendant assented." *United States v. Martinez-Vega*, 471 F.3d 559, 561 (5th Cir. 2006).

No. 20-40097

D.

As we have noted, our precedent holds that the Texas aggravated robbery statute, which incorporates the simple robbery statute with its reference to reckless conduct, is a divisible statute. *Lerma*, 877 F.3d at 634. Thus, under the modified categorical approach, we now can turn to other documents, like the indictment (which has been added to the appellate record per our grant of the government's motion to expand the record), to determine if these documents indicate Lopez-Rodriguez's crime of conviction was committed with a higher degree of *mens rea* than recklessness.

The indictment clearly shows Lopez-Rodriguez was charged with and pleaded guilty to aggravated robbery based on intentionally and knowingly threatening another person in the course of a robbery. The indictment charges that Lopez-Rodriguez "while in the course of committing theft of property . . . *intentionally or knowingly* threaten[ed] or place[d the victim] in fear of imminent bodily injury or death . . . ." (emphasis added). The indictment further charges that Lopez-Rodriguez, in the course of the robbery-by-threat, "did then and there use or exhibit a deadly weapon, to wit: a knife." The judgment of conviction shows Lopez-Rodriguez pleaded guilty to the aggravated robbery offense as set out in the indictment. Consequently, the crime charged against Lopez-Rodriguez, and to which he pleaded guilty, involved a higher *mens rea*—intent or knowledge—than recklessness, and thus satisfies the elements of an aggravated felony (*i.e.*, a crime of violence) as provided in his section 1326(b)(2) conviction.

III.

To sum up: in this opinion, we have held that *Borden* does not upset Lopez-Rodriguez's conviction or sentence under 8 U.S.C. § 1326. We have used the modified categorical approach to determine that Lopez-Rodriguez's aggravated robbery conviction is based on knowing or intentional conduct, a

No. 20-40097

higher standard of *mens rea* than recklessness. Consequently, we have concluded that Lopez-Rodriguez's conviction for aggravated robbery under Texas law is a "crime of violence," which confirms his section 1326(b)(2) conviction and enhanced sentence, irrespective of *Borden*'s holding. Our previous judgment is, therefore, REINSTATED.