# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 18-11050

United States of America,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Jeremy Glenn Powell,

*Defendant—Appellant/Cross-Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-511-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before King, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

Jeremy Glenn Powell pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 120-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-11050

months imprisonment and three-years supervised release under 18 U.S.C. § 924(a)(2). On appeal, he argued that the district court had incorrectly calculated his guidelines range and that the district court abused its discretion by deciding to run his sentence consecutively to the undischarged portion of his prior federal sentence. The Government cross-appealed, arguing that the district court erred by deciding that Powell's previous convictions for burglary and robbery were not violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). If a defendant "has three previous convictions . . . for a violent felony" then he or she is subject to a minimum 15-year term of imprisonment. 18 U.S.C. § 924(e)(1). We noted that, after the district court's sentencing, our decision in *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019), *vacated and remanded*, 141 S. Ct. 2781 (2021), held that both Texas robbery-by-injury and robbery-by-threat were violent felonies for ACCA purposes.[1] We therefore vacated Powell's non-ACCA sentence and remanded the case to the district court for resentencing in light of *Burris*. *United States v. Powell*, 785 F. App'x 227, 227 (5th Cir. 2019) (per curiam). Powell petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided in *Borden v. United States* that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B) of the ACCA. *Borden v. United States*, 141 S. Ct. 1817, 1821–22, 1825 (2021) (plurality opinion) (noting that reckless conduct is not aimed "against the person of another" as the elements clause requires); *id.* at 1835 (Thomas, J., concurring

---

[1] Although not discussed in our opinion, our court additionally decided in *United States v. Herrold*, 941 F.3d 173 (5th Cir. 2019) (en banc), that Texas burglary was a violent felony under the ACCA. That case was also decided after the district court's sentencing.

in the judgment) (noting that reckless conduct does not involve the "use of physical force" as the elements clause requires). After *Borden*, the Court granted Powell's petition, vacated our judgment, and remanded "for further consideration in light of *Borden*." *Powell v. United States*, 141 S. Ct. 2780, 2781 (2021).

Pre-*Borden*, Powell had five convictions which could qualify as violent felonies under the ACCA: one Texas conviction for burglary of a habitation, one Texas conviction for aggravated robbery-by-threat with a deadly weapon, one Texas conviction for robbery-by-threat, and two Texas convictions for robbery-by-injury. Post-*Borden*, it is clear that one of Powell's convictions qualifies as a violent felony (his burglary conviction[2]) and two of his convictions do not (his two robbery-by-injury convictions, as robbery-by-injury can be committed recklessly, TEX. PENAL CODE § 29.02(a)(1)). Therefore, Powell's case turns on whether his two convictions involving robbery-by-threat are still violent felonies for ACCA purposes.

They are. That conclusion follows from our recent decision in *United States v. Garrett*, —F.4th—, 2022 U.S. App. LEXIS 2184 (5th Cir. Jan. 25, 2022). There, we considered whether the Texas simple robbery statute "create[d] a single, indivisible crime" which could be committed recklessly or whether the statute is "divisible into separate crimes" including robbery-by-threat, which can only be committed intentionally or knowingly and "cannot be committed through mere recklessness." *Id.* at *4. That distinction makes all the difference when determining whether a conviction qualifies as a violent crime under the ACCA. When deciding whether a

---

[2] Burglary is considered a violent felony under the enumerated offenses clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which was not at issue in *Borden*. Our precedent in *Herrold* therefore continues to control, and Powell's burglary conviction continues to qualify under that case's holding.

crime is a violent one for ACCA purposes, we normally use what is called the "categorical approach" and consider "whether the statute itself necessarily and invariably requires the 'use . . . or threatened use of physical force.'" *Id.* at *5 (quoting *Borden*, 141 S. Ct. at 1822). "[A]ny crime that can be committed without the use of force cannot serve as an ACCA predicate under the force clause, regardless of whether the actual facts of the case at hand indicate that force was used." *Id.* at *5. And *Borden* teaches that a crime that can be committed recklessly does not satisfy the "use of force" requirement of the ACCA. *Borden*, 141 S. Ct. at 1834. Since robbery-by-injury can be committed recklessly, if the statute is indivisible, then no Texas robbery conviction could serve as a qualifying conviction under the ACCA.

However, if the Texas simple robbery statute is divisible, then it "may create multiple, distinct crimes, some violent, some non-violent." *Garrett*, 2022 U.S. App. LEXIS 2184, at *5. Specifically, since robbery-by-threat cannot be committed recklessly, it could still constitute a violent crime for ACCA purposes even if robbery-by-injury could not. For divisible statutes, we therefore use a modified version of the categorical approach that "look[s] at documents in the record, such as an indictment, jury instructions, or a plea colloquy, for the limited purpose of determining the specific crime under the statute for which the defendant was charged and convicted." *Id.* at *5–6 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). If those documents show that the defendant was convicted of a specific crime within the divisible statute that requires a mental state beyond recklessness, and thus can be an ACCA predicate, then the conviction qualifies under the ACCA.

Our court in *Garrett* held "that the Texas simple robbery statute is divisible." *Garrett*, 2022 U.S. App. LEXIS 2184, at *11. We also held that "[r]obbery-by-threat is a violent felony because intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death

plainly constitutes the 'threatened use of force' under the ACCA." *Id.* at *12 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).

In Powell's case, as in *Garrett*, "[g]iven this conclusion, the remainder of our analysis may be addressed in short order." *Id.* at *11. We apply the modified categorical approach and look to the indictments and plea colloquies to determine the exact crimes of conviction. The judicial confession when Powell pleaded guilty to robbery in 2001 and the corresponding indictment make clear that he pleaded guilty to robbery-by-threat. And the judicial confession and indictment for Powell's 2008 conviction for aggravated robbery make clear that he was charged with and pleaded guilty to aggravated robbery-by-threat while using or exhibiting a deadly weapon.[3] Neither crime can be committed recklessly, and both are violent crimes under the ACCA.

Therefore, combined with his 1995 conviction for burglary, Powell has at least three convictions that qualify as violent felonies under the ACCA and must be resentenced.[4]

---

[3] Our court has also previously held in *United States v. Lerma*, 877 F.3d 628 (5th Cir. 2017), that the Texas *aggravated* robbery statute is divisible, *id.* at 634, and that "a crime under Texas Penal Code § 29.03(a)(2), that is, threatening someone with imminent bodily injury or death, or placing someone in fear of such, while using or exhibiting a deadly weapon in the course of committing theft . . . has an element the threatened use of physical force against the person of another" and thus is a violent felony for ACCA purposes, *id.* at 636. Nothing in *Borden* has disturbed either holding, since the form of aggravated robbery considered in *Lerma* cannot be committed recklessly. In addition, *Lerma* noted that aggravated robbery incorporates simple robbery as an element (e.g., it "requires that a defendant commit robbery **and** meet one of several other requirements."). *Id.* at 633. Therefore, *Lerma* and *Garrett* together show that robbery-by-threat, whether simple or aggravated, is a violent felony under the ACCA.

[4] As we are vacating Powell's entire sentence and remanding for resentencing, we do not address Powell's arguments related to alleged sentencing errors. *United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

No. 18-11050

Accordingly, for the foregoing reasons, we VACATE Powell's sentence and REMAND the case to the district court for resentencing.