**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-31016

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID A YOUNG, JR also known as, David Young

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-CR-59-1

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, David A. Young, Jr., was convicted of being a felon in possession of a firearm; possession with intent to distribute cocaine; possession with intent to distribute alprazolam[1]; and possession of a firearm in furtherance of a drug trafficking crime. He now challenges the sufficiency of the evidence supporting the jury's verdict with respect to the fourth count, that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Alprazolam is commonly known under its trade name "Xanax."

possessed a firearm in furtherance of a drug trafficking crime. For the following reasons, we affirm the conviction.

## FACTS AND PROCEEDINGS

In October 2007, law enforcement officers investigating a report of illegal gun possession and drug activity conducted a search of Young's residence in West Monroe, Louisiana. Young signed a consent form and, at the outset of the search, admitted to possessing three firearms—a 12-gauge shotgun, a .22 caliber rifle, and a 9mm handgun. The shotgun, which was loaded, and the rifle, which was not loaded, were found near a bathroom. Meanwhile, the handgun was found hidden between the mattress and the box spring of the bed in Young's bedroom. It was fully loaded, with ten bullets in the magazine and one in the chamber. The officers continued the search and discovered a wooden box containing pill grinders and suspected cocaine. Young was then arrested. While handcuffing Young, the officers noticed him attempting to conceal inhalers which contained suspected cocaine. In addition, the officers recovered $457 in cash from Young's pocket and found $400 inside a pill bottle in his wife's purse.

Following his arrest, Young informed the officers that he kept a camera bag containing drugs directly beneath the same bed in which the handgun was found. This bag contained alprazolam pills, tablets, and suspected cocaine. The suspected cocaine had been packaged into individual plastic bags, many of which were labeled with distinctive graphic prints.[2]

The government charged Young with (1) being a felon in possession of firearms under 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute cocaine; and (3) possession with intent to distribute alprazolam, under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(2); and (4) possession of firearms in furtherance

---

[2] The government's witness, Sergeant Jason Kukal, testified that this kind of packaging and labeling is typical for cocaine intended for distribution. Kukal further testified that Young told him that he planned to sell the alprazolam pills.

of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). The matter proceeded to a jury trial and, at the close of the government's evidence, Young moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. The district court denied the motion. The jury found Young guilty on all four counts. On count four, the jury found Young guilty with respect to the handgun, but not guilty with respect to the shotgun and rifle. He was sentenced to a total of 101 months' imprisonment: 41 months on counts one and two and 36 months on count three, with those three terms imposed concurrently; and 60 months on count four, to be served consecutively. Young timely appealed.

## STANDARD OF REVIEW

Young contends that the district court erred in denying his motion for judgment of acquittal based on insufficient evidence. "We review the district court's denial of a motion for judgment of acquittal *de novo*." *United States v. Moody*, 564 F.3d 754, 758 (5th Cir. 2009) (quoting *United States v. Klein*, 543 F.3d 206, 212 (5th Cir. 2008)) (internal quotation marks omitted). "Our review for sufficiency of the evidence following a conviction is narrow. We will affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *Id.* (quoting *Klein*, 543 F.3d at 212) (internal quotation marks omitted). "All reasonable inferences are drawn in the light most favorable to the prosecution." *Id.* "[O]ur standard of review does not change if the evidence that sustains the conviction is circumstantial rather than direct." *Id.* (quoting *United States v. Morgan*, 505 F.3d 332, 341 (5th Cir. 2007)) (alteration in original) (internal quotation marks omitted).

## DISCUSSION

Section 924(c)(1)(A) imposes a criminal penalty upon "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or

carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). When a defendant is charged under the possession prong of this statute, as in this case, "the appropriate standard of participation is 'in furtherance of' a crime." *United States v. McGilberry*, 480 F.3d 326, 329 (5th Cir. 2007).[3] Young admits that he possessed the handgun, and he admits that he committed the drug trafficking crimes of possession with intent to distribute alprazolam and possession with intent to distribute cocaine. His sole contention on appeal is that there was not sufficient evidence to support the jury's verdict that his possession of the handgun was in furtherance of these crimes.

In *United States v. Ceballos-Torres*, 218 F.3d 409 (5th Cir. 2000), this court set forth the circumstances under which a defendant's possession of a firearm will be considered "in furtherance" of a drug trafficking crime for purposes of § 924(c)(1)(A). In *Ceballos-Torres*, immigration agents entered the defendant's apartment for an immigration check. *Id.* at 411. While in the bedroom, the agents noticed a 9mm handgun lying in plain view on the defendant's bed and, after determining he was in the United States illegally, arrested him. *Id.* During a subsequent search of the apartment, the agents discovered over five hundred grams of cocaine, over one thousand dollars in cash, and various drug paraphernalia. *Id.* He was convicted of possession of a firearm in furtherance of a drug trafficking crime. *Id.*

The court determined that "firearm possession that furthers, advances, or helps forward the drug trafficking offense violates the statute." *Id.* at 415. It elaborated:

---

[3] By contrast, when the government charges a defendant with using or carrying a firearm, the appropriate standard is "during and in relation to" a crime of violence or drug trafficking crime. *See McGilberry*, 480 F.3d at 329.

> Some factors that would help determine whether a particular defendant's possession furthers, advances, or helps forward a drug trafficking offense might include: the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id*. at 414-15. Emphasizing that "more than 'mere presence' of the firearm at the scene" is required to sustain a conviction, the court required "evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Id*. at 414. Considering the circumstances of the defendant's possession in that case, this court affirmed the conviction:

> The weapon was loaded and easily accessible in Ceballos's apartment, and he confessed to ownership of the firearm. It was possessed illegally. And it was possessed in the apartment along with a substantial amount of drugs and money. Together, these factors reasonably support a finding that Ceballos's gun protected his drugs and money against robbery. Possession of the [firearm] was, therefore, in furtherance of drug trafficking.

*Id*. at 415.

In the present case, the facts surrounding Young's possession of the handgun weigh in favor of sustaining the conviction. Young's handgun was hidden but accessible, fully loaded, and possessed unlawfully. Furthermore, it was found not only in the apartment along with drugs and money, but in close proximity to a significant amount of suspected cocaine and alprazolam pills. In light of this evidence, the jury could have reasonably inferred that Young possessed the loaded handgun in order to protect his drugs and money, or to protect himself in the event of an altercation during a drug transaction. The evidence was sufficient to find that Young's possession of the handgun furthered,

advanced, or helped forward his possession of cocaine and alprazolam with intent to distribute.[4]

Young's arguments to the contrary are not persuasive. First, while he maintains that he kept the loaded handgun accessible to protect his family from intruders, there was ample evidence from which the jury could reasonably infer that his firearm possession furthered the drug trafficking offenses. "A jury is free to choose among reasonable constructions of the evidence." *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir. 2009) (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982)) (internal quotation marks omitted). Moreover, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995) (quoting *Bell*, 678 F.2d at 549) (alteration in original) (internal quotation marks omitted).

Young next asserts that he did not obtain the handgun illegally. He concedes, however, that his possession of the handgun was illegal.[5] Section 924(c)(1)(A) does not require the defendant's acquisition or possession of the firearm to be unlawful in order to sustain a conviction. That Young possessed

---

[4] Notably, this court has affirmed possession-in-furtherance convictions based on factual circumstances similar to those present in this case. *See, e.g.*, *United States v. Yanez Sosa*, 513 F.3d 194, 201 (5th Cir. 2008) (finding the evidence "more than sufficient" where the firearms were easily accessible, they were illegally possessed, one was fully loaded, and they were "located near the bulk of the drugs that were recovered"); *United States v. Nunez-Sanchez*, 478 F.3d 663, 669-70 (5th Cir. 2007) (finding evidence sufficient where firearm was unloaded, found two feet from the defendant's drugs, and possessed illegally, and where matching ammunition was easily accessible); *United States v. Charles*, 469 F.3d 402, 406-07 (5th Cir. 2006) (finding evidence sufficient where firearm in close proximity to drugs and currency was disassembled but could quickly be made ready for use).

[5] To the extent Young contends that he believed his possession of the firearm to be lawful, that argument is unavailing. *Cf. United States v. Schmidt*, 487 F.3d 253, 254-55 (5th Cir. 2007) (rejecting claim that a defendant must know that he was a felon to sustain a conviction under 18 U.S.C. § 922(g)(1)).

the firearm unlawfully is a factor in favor of affirming his conviction, *see Ceballos-Torres*, 218 F.3d at 414-15; that Young may have acquired the firearm lawfully in the first place, however, does not counsel in the other direction, and he provides no authority to the contrary.

Finally, Young argues that the government presented no evidence of his involvement in any actual drug transactions. The statute, however, does not require evidence of drug transactions. Instead, it requires the commission of a drug trafficking crime, to which Young admits in his brief.

## CONCLUSION

For the foregoing reasons, Young's conviction is AFFIRMED.