# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2026

Lyle W. Cayce
Clerk

No. 23-11270

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MANUEL DIMAS GUERRA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:21-CV-78

Before RICHMAN, DUNCAN, and OLDHAM, *Circuit Judges*.
PER CURIAM:[*]

Manuel Dimas Guerra appeals the denial of his habeas motion under 28 U.S.C. § 2255 based on ineffective assistance of counsel, as well as the denial of his request to file a second amended § 2255 motion. We AFFIRM.

I

Police officers searched an automotive shop owned by Guerra in November 2017. They recovered 87 grams of methamphetamine ("meth");

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

materials for packaging and distribution; $13,501 in cash; two cell phones; two handguns; and three kilograms of marihuana. In a car belonging to Guerra's co-defendant Anthony Gonzales, officers also found a rifle case containing a rifle and approximately 893 grams of meth divided into eight baggies.

Guerra and Gonzales were arrested and charged with three counts: (1) conspiracy to distribute and possess with intent to distribute 500 grams or more of meth (21 U.S.C. § 846); (2) possession with intent to distribute 500 grams or more of meth (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)); and (3) possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i)). They were also charged with aiding and abetting liability for Counts Two and Three under 18 U.S.C. § 2.

At Guerra's trial, Gonzales testified that he distributed meth for Guerra. According to Gonzales, he visited Guerra's shop that day to get more meth. After Gonzales showed Guerra the rifle, Guerra loaded the meth into the case and instructed Gonzales to place the case in the car. Gonzales also testified that he acquired the rifle from a customer in exchange for drugs.

The jury convicted Guerra on all counts.

Guerra appealed his conviction, arguing the evidence was insufficient to convict him on the firearm charge. *See United States v. Guerra*, 788 F. App'x 977 (5th Cir. 2019). Disagreeing, our court held "[t]he evidence was at least sufficient, under [plain error review], to show that Guerra constructively possessed the weapon at issue in furtherance of a drug trafficking crime." *Id.* at 978.

Guerra then moved for habeas relief under 28 U.S.C. § 2255. He amended his original motion to claim ineffective assistance of counsel. He alleged trial counsel was ineffective for, *inter alia*, failing to move for a Rule 29 acquittal on Count Three and for failing to object to an allegedly

misleading aiding and abetting instruction. The district court referred Guerra's motion to a magistrate judge, who held a two-day evidentiary hearing. Five months after the hearing, Guerra requested leave to file a second amended § 2255 motion. For the first time, Guerra argued trial counsel should have objected to the aiding and abetting instructions because they were supposedly missing an essential element.

Adopting the magistrate judge's recommendation, the district court denied Guerra's § 2255 motion. The court held Guerra's counsel was not ineffective on either claimed ground. The court also denied Guerra's request to file a second amended § 2255 motion because, among other flaws, it tried "to resurrect or expand on claims abandoned by the amended motion as well as to add new claims" and did not add "anything of substance or significance."

A judge on our court granted Guerra a certificate of appealability with respect to the denial of the two ineffective assistance claims and the denial of his second motion to amend. *See* 28 U.S.C. § 2253(c).

## II

On appeal of the denial of a § 2255 motion, we review fact questions for clear error and legal questions *de novo*. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). An ineffective assistance claim is a mixed question of law and fact we review *de novo*. *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2012). We review the denial of a motion to amend a § 2255 motion for abuse of discretion. *Edwards*, 442 F.3d at 264.

## III

On appeal, Guerra argues the district court erred in three ways. First, he claims he showed that his trial counsel was ineffective by failing to move for acquittal on the gun possession charge. Second, he claims he showed

counsel was ineffective by not objecting to the allegedly misleading jury instruction on that charge. Third, he claims the district court wrongly denied him leave to file a second amended § 2255 motion.

A

We begin with Guerra's ineffective assistance claims.

Such claims have two required elements. *See Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). The defendant must show, first, that counsel performed deficiently, and, second, that the deficient performance prejudiced him. *Ibid.* When evaluating counsel's performance, our review is "highly deferential" and does not second-guess reasonable strategic decisions. *Ibid.* (citing *Strickland*, 466 U.S. at 688–90). As to prejudice, defendant must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

1

First, we conclude that trial counsel's decision not to file a Rule 29 motion for acquittal was neither deficient nor prejudicial.

A Rule 29 motion challenges the sufficiency of the evidence to convict. *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998); Fed. R. Crim. P. 29(a). That motion fails if a "rational trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt." *United States v. Green*, 47 F.4th 279, 287 (5th Cir. 2022). We review that evidence in the light most favorable to the verdict. *Ibid.*

Guerra asserts there was insufficient evidence that he constructively possessed the gun in Gonzales's car, essentially for two reasons. He says the Government failed to prove that Gonzales possessed the gun "in furtherance" of trafficking and also failed to prove that Guerra knew

beforehand that Gonzales intended to use the gun to further drug trafficking. In Guerra's view, the Government proved only that Gonzales took possession of the gun in exchange for a drug debt and brought the gun to show it off to Guerra. These arguments fail.

Contrary to Guerra's argument, the Government produced sufficient evidence to convict him under § 924(c). It needed only to show "firearm possession that furthers, advances, or helps forward the drug trafficking offense." *United States v. Ceballos-Torres*, 218 F.3d 409, 415 (5th Cir. 2000). As in *Ceballos-Torres*, Gonzales and Guerra possessed a rifle that was both accessible and in close proximity to the drugs.[1] Moreover, Gonzales admitted to illegally acquiring the firearm through a drug transaction. From this evidence, a rational jury could find beyond a reasonable doubt that Gonzales possessed the gun to further his drug trafficking activities.

Moreover, it is irrelevant whether Guerra knew about the rifle before Gonzales brought it to the shop that day. That is because, even after seeing the gun, Guerra continued with the drug trafficking. Instead of withdrawing, Guerra "decid[ed] instead to go ahead with his role in the venture," thus "show[ing] his intent to aid an armed offense." *Rosemond v. United States*, 572 U.S. 65, 78 (2014) (emphasis omitted). Indeed, Guerra himself packed drugs into the case alongside the rifle. Nor was it necessary that Guerra actively carry or intend to use the firearm himself in order to be found liable

---

[1] *See, e.g.*, *United States v. Young*, 340 F. App'x 226, 229 (5th Cir. 2009) (evidence sufficient where gun was accessible and in proximity to drugs); *United States v. Yanez Sosa*, 513 F.3d 194, 201 (5th Cir. 2008) (guns accessible, illegally possessed, and located near drugs); *United States v. Nunez-Sanchez*, 478 F.3d 663, 669–70 (5th Cir. 2007) (gun was unloaded, found two feet from drugs, and possessed illegally); *United States v. Charles*, 469 F.3d 402, 406–07 (5th Cir. 2006) (disassembled gun close to drugs and currency).

under § 924(c). "[Guerra] could assist in § 924(c)'s violation by facilitating either the drug transaction or the firearm use (or of course both)." *Id.* at 74.

Given the significant evidence linking Gonzales and Guerra to both the rifle and the meth, a Rule 29 motion would have failed. So, trial counsel's decision not to file a Rule 29 motion was neither deficient nor prejudicial.

2

We reach the same conclusion with respect to trial counsel's decision not to object to the aiding and abetting instruction.

Guerra was charged with aiding and abetting on Count Two (drug possession) and Count Three (gun possession). The jury was instructed on aiding and abetting liability as follows:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First:    That an offense alleged in Count Two or Count Three was committed by some person;
>
> Second:  That the defendant associated with the criminal venture;
>
> Third:   That the defendant purposefully participated in the criminal venture; and
>
> Fourth:  That the defendant sought by action to make that venture successful.

Guerra claims his lawyer should have objected to this instruction because it "misled" the jury into thinking it could convict him of aiding or abetting on Count Three even if it only found that "some person" committed Count Two. We disagree.

In reviewing jury instructions, we read the instruction "as a whole" and ask whether it is "a correct statement of the law and . . . clearly instructs

jurors as to the principles of the law applicable to the factual issues confronting them." *United States v. Guidry*, 406 F.3d 314, 321 (5th Cir. 2005) (citing *United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002)). The aiding and abetting instruction here correctly stated the law. Aiding and abetting under 18 U.S.C. § 2 is an alternative means of finding liability, not a separate crime. *United States v. Sorrells*, 145 F.3d 744, 752 (5th Cir. 1998); *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). The instruction did not need to tie aiding and abetting to any specific count because "[a]iding and abetting may be implied in every substantive federal offense." *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995) (citation omitted).

Moreover, just before the aiding and abetting elements, the jury was instructed it could not find Guerra guilty of aiding and abetting "unless you find beyond a reasonable doubt that *every element of the offense* as defined in these instructions was committed by some person or persons." So, Guerra's argument that the jury could have been "misled" by the aiding and abetting instruction is misplaced.

In any event, even if the instruction were incorrect, counsel's failure to object to it could not have prejudiced Guerra. Our court has already affirmed on plain-error review that there was sufficient evidence to convict Guerra of constructively possessing the rifle, regardless of any alternative theory of aiding and abetting liability. *See Guerra*, 788 F. App'x at 978. In other words, the evidence that Guerra knew about the rifle and loaded drugs directly into the case was sufficient to find Guerra liable as a principal under § 924(c). So Guerra could not have been prejudiced by the jury instruction on aiding and abetting, even assuming it was incorrect.

Accordingly, the district court did not err by denying Guerra's ineffective assistance claim based on the jury instructions.

B

Finally, we turn to the denial of Guerra's second motion to amend.

Guerra argues the court should have let him amend his habeas motion a second time to include an additional ineffective assistance claim. He would have claimed that his lawyer failed to challenge the aiding and abetting instruction as inconsistent with the Supreme Court's *Rosemond* decision. *Rosemond* holds that a § 924(c) defendant must have advance knowledge of a confederate's plan to carry a gun in committing a crime such that he may "make the relevant legal (and indeed, moral) choice" to participate. *See Rosemond*, 572 U.S. at 78. The Government responds that Guerra's motion was untimely under the one-year limitation period in § 2255(f), and was in any event meritless. We need not decide whether the motion was untimely, because we agree that the underlying claim lacks merit and that the amendment was therefore futile.

The aiding and abetting instruction was consistent with *Rosemond*. The jury was instructed that Guerra could be found guilty of aiding and abetting if he shared "in the criminal intent of the principal" and that he could not be convicted if he "had no knowledge of the principal's criminal venture." That instruction satisfies *Rosemond*'s requirement that "the intent must go to the specific and entire crime" for which the defendant is charged as an aider and abettor. *See* 572 U.S. at 76. So, counsel did not perform deficiently by failing to object to the instruction.[2]

---

[2] Furthermore, as discussed, the evidence was sufficient to convict Guerra under § 924(c) as a principal given his awareness of the rifle and his choice to nonetheless continue participating in the trafficking scheme. *See Guerra*, 788 F. App'x at 978. So any error in the aiding and abetting instruction could not have prejudiced Guerra.

No. 23-11270

In sum, the district court did not abuse its discretion in denying Guerra's second motion to amend.

## IV

The district court's judgment is AFFIRMED.